IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON EUL, ) | |
| on behalf of a Plaintiff and a class, ) | |
| ) | |
| Plaintiff, ) | Honorable Judge Ruben Castillo |
| ) | |
| v. ) | Case No.: 1:15-cv-07755 |
| ) | |
| TRANSWORLD SYSTEMS, INC., successor ) | Magistrate Judge Maria Valdez |
| to NCO FINANCIAL SYSTEMS, INC.; ) | |
| NCO FINANCIAL SYSTEMS, INC.; and ) | |
| BLITT AND GAINES, P.C., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS TRANSWORLD SYSTEMS, INC., EGS FINANCIAL CARE, INC. AND BLITT AND GAINES, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REASSIGN FOR RELATEDNESS AND TO CONSOLIDATE**

Defendants, Transworld Systems, Inc. ("TSI"), EGS Financial Care, Inc., formerly known as NCO Financial Systems, Inc. ("EGS"), and Blitt and Gaines, P.C. ("B&G"), through counsel, respectfully submit this memorandum in support of their motion for the relation of *Yvonne Thomas v. TSI, NCO and B&G*, No. 15-cv-08328 (N.D. Ill.) (the "Thomas" case), *Juan and Esther Castano and Cesar Afuang v. TSI, NCO, B&G, and WW&R*, No. 15-cv-08409 (N.D. Ill.) (the "Castano" case), *Thomas Rosen v. TSI, NCO and B&G*, No. 15-cv-08701 (N.D. Ill.) (the "Rosen" case), *Terry Rocco v. TSI*, No. 15-cv-09276 (N.D. Ill.) (the "Rocco" case), *Shaundrel Hill and Stanley McCool v. TSI, NCO and B&G*, No. 15-cv-09624 (N.D. Ill.) (the "Hill" case), *Stacy Clark, Richard Herrera, Leonor Herrera and Michael Gnesin v. TSI, EGS and National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, and National Collegiate Student Loan Trust 2007-3*, No.

1

15-cv-10549 (the "Clark" case) and the *Shannon O'Neill v. Transworld Systems, Inc.*, No. 15-cv-11339 (the "O'Neill" case) to the above captioned case (the "Eul" case) under Local Rule 40.4, and further Order the consolation of the Eul, Thomas, Castano, Rosen, Rocco, Hill, Clark and O'Neill cases (collectively referred to as the "TSI class action cases" or "the cases") under Fed. R. Civ. P. 42.

## I. INTRODUCTION

On September 2, 2015, plaintiff, Sharon Eul filed a putative class action against TSI, EGS and B&G. Plaintiff alleges TSI, EGS and B&G violated the Fair Debt Collection Practices Act (FDCPA), the Illinois Consumer Fraud Act (ICFA) and the Illinois Collection Agency Act (ICAA) in connection with filing a collection lawsuit against her, a co-signor, for a private student loan. Since then, seven additional class actions have been filed against the same core defendants based on similar underlying collection lawsuits and alleged misconduct. The plaintiffs in all of the cases are represented by the same law firm and have admitted there is overlap between the class members. Defendants are likewise represented by the same law firms.

"By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *See Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). Here, the cases share common questions of law and fact. Thus, the Court should enter an Order recommending the later filed cases to be related to the Eul case under Local Rule 40.4, and further Order consolidation of the cases into one class action with separate subclasses under Fed. R. Civ. P. 42. Rather than 8 separate proceedings.

## II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

As stated above, on September 2, 2015, Sharon Eul filed a putative class action against TSI, EGS and B&G. (Dkt. 1). In Eul, plaintiff alleges TSI, EGS and B&G violated the FDCPA,

the ICFA and the ICAA in connection with filing a collection lawsuit against her, a co-signor, for a private student loan. *See generally Id.* Specifically, plaintiff alleges she co-signed a private student loan, and sometime later the loan was assigned to National Collegiate Student Loan Trust 2007-1 serviced by NCO (now known as EGS). *Id.* at ¶¶ 26-28. Plaintiff alleges NCO and its alleged successor TSI used the law firm B&G to file the lawsuit improperly—namely, without providing the written notice and demand required by the ICFA. *Id.* at ¶¶ 16-19. Plaintiff claims the alleged misconduct is attributed to NCO's and TSI's "standard operating procedures" for law firms in its "attorney network" when filing lawsuits. *Id.*

On September 22, 2015, Yvonne and Bridgette Thomas also filed a putative class action against TSI, EGS and B&G alleging FDCPA violations. (See Exhibit A, Thomas Compl.). Like Eul, in Thomas, plaintiffs allege NCO and TSI used the law firm B&G to file lawsuits to collect student loans assigned to a National Collegiate Student Loan Trust serviced by NCO. *Id.* at ¶¶ 16-19. Again, plaintiffs allege the alleged misconduct is attributed to NCO's and TSI's "standard operating procedures" for law firms—here, by allegedly misrepresenting the debt as a "note" in a supporting affidavit. *Id.* at ¶¶ 31-34.

On September 24, 2015, Juan Castano, Esther Castano and Cesar Afuang filed yet another putative class action against TSI, EGS and B&G. (See Exhibit B, Castano Compl.). Castano now names an additional debt collection law firm Weltman, Weinberg & Reis Co., L.P.A. ("WW&R") as a defendant.[1] Castano alleges TSI, EGS, B&G and WW&R violated the FDCPA, the ICAA, the ICFA and engaged in the "unauthorized filing of lawsuits" while, again, filing collection lawsuits for National Collegiate Trusts serviced by NCO. *Id.* at ¶¶ 16-19. Again, plaintiffs allege NCO and TSI used the law firm B&G, and now also WW&R, to file

---

[1] WW&R does not object to the relief requested in this motion.

3

lawsuits improperly—here, without requisite "involvement" by National Collegiate. *Id.* at ¶¶ 34-38.[2] Again, in Castano, plaintiffs allege the alleged misconduct is attributed to NCO's and TSI's "standard operating procedures" for law firms. *See generally Id.*

On October 1, 2015, Thomas Rosen filed a putative class action against TSI, EGS and B&G. (See Exhibit C, Rosen Compl.). The Rosen case is identical in substance to the Thomas case. Like Thomas, in Rosen, plaintiff alleges TSI, EGS and B&G violated the FDCPA by misrepresenting the debt as a "note" in a supporting affidavit filed in the underlying collection lawsuit. *Id.* at ¶¶ 31-34. Again, plaintiff claims the alleged misconduct is attributed to NCO's and TSI's "standard operating procedures" for law firms. *See generally Id.*

On October 20, 2015, Terry Rocco filed a putative class action against TSI. (See Exhibit D, Rocco Compl.). Again, in Rocco, plaintiff alleges TSI violated the FDCPA and ICAA in connection with several collection lawsuits. *See generally Id.* Like the individual claim for plaintiff Afuang in Castano, in Rocco, plaintiff alleges TSI sued him to collect private student loans, he defended the lawsuits, and TSI credit reported the debts without noting they were disputed. *Id.* at ¶¶ 9-14. Again, plaintiff claims the alleged misconduct is attributed to the assignment of the accounts to National Collegiate Trusts serviced by NCO. *See generally Id.*

On October 28, 2015, Shaundrel Hill and Stanley McCool filed another putative class action against TSI, NCO and B&G. (See Exhibit E, Hill Compl.). Again, in Hill, plaintiffs allege TSI, NCO and B&G violated the FDCPA, the ICFA, the ICAA and engaged in the "unauthorized filing of lawsuits" for private student loans assigned to a National Collegiate

---

[2] In Castano, plaintiff Afuang also asserts an individual claim alleging he defended the lawsuits, and TSI credit reported the debts without noting they were disputed. *See* Exhibit B at ¶¶ 116-124.

4

Trusts. *Id.* at ¶¶ 24-28. Here, Shaundrel Hill, the borrower, and Stanley McCool, a co-signor, assert a class wide claim TSI, EGS and B&G charged usurious interest rates. *Id.*[3]

On November 23, 2015, Stacy Clark, Ricardo Herrera, Leonor Herrera and Michael Gnesin filed yet another putative class action against TSI, EGS (f/k/a NCO) and, this time, several of the National Collegiate Student Loan Trust entities. (See Exhibit F, Clark Compl.).[4] In Clark, plaintiffs allege TSI, EGS and the NCT entities violated the FDCPA and the Illinois Interest Act, 815 ILCS 205/4 *et seq. See generally Id.* Again, plaintiffs claim TSI and EGS filed collection lawsuits for private student loans assigned to National Collegiate Trusts. *Id.* at ¶¶ 31-39. Like Hill, Stacy Clark, Ricardo Herrera, Leonor Herrera and Michael Gnesin allege TSI, EGS and the NCT entities charged usurious interest rates. *Id.* at ¶¶ 55-58.[5]

On December 16, 2015, Shannon O'Neill filed a putative class action against TSI. (See Exhibit G, O'Neill Compl.). In O'Neill, plaintiff also alleges TSI violated the FDCPA in connection with the collection of National Collegiate Trust accounts. *See generally Id.* Again, plaintiff alleges TSI made misrepresentations about the nature of debt—here, by referencing "National Collegiate" as the creditor improperly. *Id.* at ¶¶ 21-31. Again, plaintiffs allege the alleged misconduct is attributed to TSI's underlying procedures servicing the National Collegiate trusts. *Id.* at ¶¶ 10-20.

---

[3] In Hill, the remaining claims are asserted individually. Like Eul, in Hill, plaintiff McCool, a co-signor, alleges he was not provided the written notice and demand required by the ICFA. (See Exhibit E at ¶ 28). And, like Thomas and Rosen, both plaintiffs in Hill allege TSI and NCO filed lawsuits without the "requisite involvement" of National Collegiate. *Id.* at ¶ 92. Again, in Hill, plaintiffs claim the alleged misconduct is attributed to NCO's and TSI's "standard operation procedures" for law firms. *See generally id.*

[4] In particular, plaintiff names National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2 and National Collegiate Student Loan Trust 2007-3 (collectively referred to as the "NCT entities") as defendants.

[5] On December 23, 2015, in Hill, plaintiffs filed a motion to reassign and relate Clark to Hill acknowledging the cases overlap. *See* Case No. 1:15-cv-09624, Doc. 26. In response, TSI, EGS and B&G opposed plaintiffs' motion arguing the request is too narrow. As stated herein, all 8 of the TSI class cases should be related to Eul (the first filed case) and consolidated.

Since then, TSI, EGS, B&G and WW&R filed motions to dismiss some or all of the claims in Eul, Thomas, Castano, Rosen, Rocco and Hill arguing plaintiffs failed to state claims under Fed. R. Civ. P. 12(b)(6). In response, plaintiffs filed Amended Complaints in Eul, Thomas, Castano and Rosen, and, in Clark, plaintiffs filed an Amended Complaint before a responsive pleading or motion was filed.[6]

The Amended Complaints in Eul, Thomas, Castano, Rosen and Clark are substantively identical to the original Complaints. In, Eul, Sharon Eul adds an additional plaintiff to the case, Stephen Knox, Sr., and alleges NCO and TSI used B&G to file the lawsuit improperly against them *both*, *again*, without providing the written notice and demand required by the ICFA. (See Exhibit H, Eul Am. Compl. at ¶¶ 67-74). In Thomas and Rosen, plaintiffs *again* allege TSI, EGS and B&G violated the FDCPA by misrepresenting the debt as a "note," and, now, in Rosen, adding an additional plaintiff to the case, Rupali Patel, making the same claims. (See Exhibit I, Thomas Am. Compl. at ¶¶ 38-41, Exhibit J, Rosen Am. Complaint at ¶¶ 58-65). In Castano, plaintiffs *again* allege NCO and TSI used B&G and WW&R to file lawsuits improperly without necessary "involvement" by National Collegiate. (See Exhibit K, Castano Am. Compl. at ¶¶ 53-67). Finally, in Clark, plaintiffs *again* allege TSI, EGS and the NCT entities violated the FDCPA and the Illinois Interest Act by filing lawsuits and charging usurious interest rates. (See Exhibit K, Clark Am. Compl. at ¶¶ 28-35). *In each case*, plaintiffs *again* attribute the alleged

---

[6] In O'Neill, TSI's deadline to respond has not expired. In Rocco and Hill, the motions to dismiss remain pending. As such, TSI, EGS, B&G, the NCT entities and WW&R, have not yet filed responsive pleadings or motions to all of the claims in the TSI class action cases. Local Rule 40.4 provides, "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment," the instant motion "should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." TSI, EGS, B&G and the NCT entities, however, intend to file motions to dismiss the Amended Complaints in Eul, Thomas, Castano, Rosen, and Clark, and a motion to dismiss the original Complaint in O'Neill for failure to state claims under Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, relating and consolidating the cases before the initial pleading stage will allow one judge to consider these issues and come to a consistent conclusion. As stated *supra*, n.1 WW&R does not object to the relief requested herein.

6

misconduct to NCO's and TSI's underlying procedures for servicing private student loans for National Collegiate.

### III. ARGUMENT

#### A. *The TSI Class Cases Are Related Under Local Rule 40.4*

Under Local Rule 40.4, "the Court has discretion to relate one or more cases." *Taylor-Holmes v. Office of the Cook County Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). "To have a case reassigned based on relatedness, the moving parties must meet the requirements of both Local Rule 40.4(a) and (b)." *Hollinger Intern., Inc. v. Hollinger, Inc.*, 2004 WL 1102327, at *1 (N.D. Ill. May 5, 2004). Here, the requirements of Local Rule 40.4(a) and (b) are satisfied.[7]

Local Rule 40.4(a) provides "two or more civil cases may be related if at least one of the conditions are met: 1) the cases involve the same property; 2) the cases involve some of the same issues of fact or law; 3) the cases grow out of the same transaction or occurrence; or 4) in class action suits, one or more of the classes involved in the cases is or are of the same." *River Village West LLC v. Peoples Gas Light & Coke Co.*, 2007 WL 541948, at *1 (N.D. Ill. Feb. 14, 2007).

"The Rule does not require complete identity of issues in order for cases to be considered related." *Fairbanks Capital Corp. v. Jenkins*, 2002 WL 21655277, at **1-2 (N.D. Ill. 2002) (relating three separate class actions filed under different statutes because "[t]here is no question that each of these cases will involve the issue of the legality, under TILA and ICFA, of EquiCredit's alleged practice of requiring borrowers to sign non-rescission 'confirmations'").

Here, like in *Fairbanks*, the cases involve the same issues of fact and law under Rule 40.4(a)(2). Like in *Fairbanks*, "there is no question that each of these cases will involve the

---

[7] Procedurally, the "motion shall be filed with the judge before whom the lowest-numbered case of the claimed related set is pending." Local Rule 40.4(c). This requirement is also met. Here, TSI, EGS and B&G filed the instant motion in the lowest-numbered case (the Eul case).

7

issue of legality" of common conduct. *Id.* More specifically, factually, all of the cases allege TSI and NCO are responsible for the conduct of their various debt collection law firms, or collection conduct, for various National Collegiate Trusts. And, the alleged misconduct is attributed to NCO's and TSI's "standard operating procedures" for the accounts. Legally, each of the cases claim the underlying misconduct violates the FDCPA and similar state consumer protection statutes and seek relief in the form of statutory damages.

While the class definitions vary slightly, those classes overlap. *See e.g., Murray v. Am.'s Mortgage Banc, Inc.*, 2004 WL 407010, at *2 (N.D. Ill. Mar. 1, 2004) (finding relation appropriate where a subset of the first-filed class includes the entire second class); *Sojka v. DirectBuy, Inc.*, N.D. Ill. Case No. 12-cv-09809 (finding class related where the second-filed *Hartowicz* class included all members of the first-filed *Sojka* class). Here, each of the classes assert claims on behalf of people who were sued by debt collection law firms, or subject to collection, for a National Collegiate student loan under the purported direction of NCO and TSI. Plaintiffs' have admitted as much by requesting the tolling of the limitations period in Hill based on the filing of the Eul and Castano cases. *See Hill complaint, ¶ 4.*

**Castano Class Definitions:**

<u>The FDCPA class</u>: (a) All individuals, (b) sued in Illinois, (c) in the name of a National Collegiate trust (d) where the lawsuit was filed or served on or after a date on year prior to the filing of this action.

Plaintiff alleges the WW&R "subclass consists of persons where WWR filed the lawsuit," and the BB&G "subclass consists of persons where Blitt filed the lawsuit."

<u>The ICAA class</u>: (a) all individuals (b) sued in Illinois (c) in the name of a National Collegiate trust (d) where the lawsuit was filed or served on or after a date five years prior to the filing of this action.

8

The ICRA class: (a) all individuals (b) sued in Illinois (c) in the name of a National Collegiate trust (d) where the lawsuit was filed or served on or after a date three years prior to the filing of this action.

The unauthorized filing of lawsuits class: (a) all individuals (b) sued in Illinois by Blitt (c) in the name of a National Collegiate trust (d) where the lawsuit was filed or served on or after a date five years prior to the filing of this action, and (a) all individuals (b) sued in Illinois by WWR (c) in the name of a National Collegiate trust (d) where the lawsuit was filed or served on or after a date five years prior to the filing of this action.

**Eul Class Definitions:**

The FDCPA class: (a) All individuals in Illinois, (b) against whom a collection complaint was filed, (c) on a student loan contract (d) in the name of a National Collegiate entity (e) while lawsuit names as a defendant, a person which, based on defendants' records, signed the student loan contract as a cosignor, (f) where defendants cannot produce the notice described by 815 ILCS 505/2S as having been sent to the cosigner prior to the date of the filing of the collection lawsuit, (e) [mis-labeled by plaintiff] which collection lawsuit was filed on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

Plaintiff alleges the "subclass consists of class members where the debt was sent to" BB&G by NCO.

The ICFA class: (a) All individuals in Illinois, (b) against whom NCO or Transworld filed, or caused to be filed, a collection complaint, (c) which lawsuit names as a defendant, a person which, based on defendants' records, signed the student loan contract as a cosigner, (d) where defendants cannot produce the notice described by 815 ILCS 505/2S as having been sent to the cosigner prior to the date of the filing of the collection lawsuit, (e) which collection lawsuit was filed on or after a date three years prior to the filing of this action and on or before a date 20 days after the filing of this action.

The ICAA class: (a) All individuals in Illinois, (b) against whom NCO or Transworld filed, or caused to be filed, a collection complaint, (c) which lawsuit names as a defendant, a person which, based on defendants' records, signed the student loan contract as a cosigner, (d) where defendants cannot produce the notice described by 815 ILCS 505/2S as having been sent to the cosigner prior to the date of the filing of the collection lawsuit, (e) which collection lawsuit was filed on or after a date five years prior to the filing of this action and on or before a date 20 days after the filing of this action.

**Thomas Class Definition**: (a) all individuals in Illinois, (b) who were sued by "National Collegiate" entity represented by Blitt, (c) on a document described in

the complaint as a "note", (d) but which isn't attached in full to the complaint, where (e) the suit was filed or served at any time beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**Rosen Class Definition**: (a) all individuals in Illinois, (b) who were sued by a "National Collegiate" entity (c) on a document that provides that receipt of a signed application is not an agreement to lend money and that the lender has the right not to make a loan or lend an amount less than the amount requested, (d) where either (i) the affidavit attached to the complaint states that the last payment was made more than five years prior to the date suit was filed or (ii) the affidavit attached to the complaint states that no payments were made, and the date of first payment disclosed on the Truth in Lending statement attached to the complaint is more than five years prior to the date suit was filed, and (e) suit was filed on or after a date one year prior to the filing of this action.

Plaintiff further alleges a sub-class of: (a) all individuals in Illinois, (b) who were sued by a "National Collegiate" entity (c) represented by Blitt (d) on a document that provides that receipt of a signed application is not an agreement to lend money and that the lender has the right not to make a loan or lend an amount less than the amount requested, (e) where either (i) the affidavit attached to the complaint states that the last payment was made more than five years prior to the date suit was filed or (ii) the affidavit attached to the complaint states that no payments were made, and the date of first payment disclosed on the Truth in Lending statement attached to the complaint is more than five years prior to the date suit was filed, and (f) suit was filed on or after a date one year prior to the filing of this action.

**Rocco Class Definitions:**

The FDCPA class: (a) all individuals (b) from whom Transworld sought to collect a student loan (c) in the name of a National Collegiate trust (d) where the individual disputed the debt, by defending a lawsuit or otherwise, and (e) Transworld reported the debt to a credit bureau without reporting the dispute (f) where any report was made on or after a date one year prior to the filing of this action.

The ICAA class: (a) all individuals (b) from whom Transworld sought to collect a student loan (c) in the name of a National Collegiate trust (d) where the individual disputed the debt, by defending a lawsuit or otherwise, and (e) Transworld reported the debt to a credit bureau without reporting the dispute (f) where any report was made on or after a date five years prior to the filing of this action.

**Hill Class Definition**: (a) all individuals (b) with addresses in Illinois, according to the loan documents, (c) sued or dunned (orally or in writing) or reported to a credit bureau (d) by one or more of the defendants (e) on behalf of a National Collegiate trust (f) on a loan providing for interest in excess of 9% (g) where the

lawsuit was filed or served or other collection activity (including credit reporting) was taken on or after a date one year prior to the filing of this action.

Plaintiff alleges "the subclass consists of persons where Bill filed the lawsuit or engaged in the collection activity."

**Clark Class Definitions:**

The FDCPA class: (a) all individuals (b) with addresses in Illinois, according to the loan documents, (c) from whom any of the defendants collected or attempted to collect (e) on behalf of a National Collegiate trust (f) on a loan providing for interest in excess of 9% (g) where the lawsuit was filed or served or other collection activity (including credit reporting) was taken on or after a date one year prior to the filing of this action.

The Interest Act class: (a) all individuals (b) with addresses in Illinois, according to the loan documents, (c) from whom any of the defendants contracted or received money (e) on a "National Collegiate" loan providing for interest in excess of 9% (g) where the loan was outstanding on defendants' books and records as unpaid on or after a date two years prior to the filing of this action.

**O'Neill Class Definition:** all individuals in Illinois who were sent a letter by [TSI] which disclosed that the "current creditor" was "National Collegiate Trust," when the current creditor was not The National Collegiate Trust, and whose letter was sent at any time between the period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

The Castano classes include any person who was sued by B&G and WW&R under the direction of TSI and NCO for National Collegiate Trusts, which, in effect, includes *all members* of the other classes, except O'Neill.[8] That said, O'Neill overlaps with the Hill classes. Both the O'Neill and Hill classes will include persons sued or "dunned" by TSI on behalf of National Collegiate. Thus, in addition to sharing common questions of law and fact, "one or more of the classes involved in the cases is or are of the same" and relation under Rule 40.4(a)(4) is also appropriate. Local Rule 40.4(a)(4).

In addition, under "Local Rule 40.4(b)" a "case may be reassigned only if each of the following criteria are met: 1) both cases are pending in this Court; 2) the handling of both cases

---

[8] As stated above, plaintiff alleges O'Neill class members received letters from TSI for National Collegiate Trust accounts and does not allege they were subject to collection lawsuits.

by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding." *River Village West*, 2007 WL 541948, at *1 (citing Local Rule 40.4(b)).

Here, each of the requirements of Local Rule 40.4(b) is met. Each of the cases is pending in the Northern District of Illinois, and reassignment will "result in a substantial saving of judicial time and effort." Local Rule 40.4(b)(1)-(2). Reassignment would avoid the inevitable duplication of effort and potential for inconsistent rulings that would otherwise result if the cases proceeded in separate courts. In particular, given the substantial overlap of the legal and factual issues, the parties will likely seek the same testimony and documents in discovery. Further, as stated above, defendants intend to move to dismiss each case. At the very least, relation would allow for the efficient and consistent resolution of those motions by proceeding with briefing, argument and obtaining a ruling in one court. *See Murray*, 2014 WL 407010, at *2 (ordering reassignment where it would allow a single judge to rule on motions "that will likely involve substantially identical brief and issues").

In addition, none of the cases have progressed to the point where relation would unnecessarily "delay" the proceedings. Local Rule 40.4(b)(3). Each of the cases is in the early stages. None of the parties have yet to proceed with merits or class related discovery.

Finally, the cases are susceptible to "disposition in a single proceeding." Local Rule 40.4(b)(4). "This condition is satisfied when the issues of law and fact are the same in both cases." *Helferich Patent Licensing, LLC v. New York Times Co.*, 2012 WL 1368193, at *3 (N.D. Ill. Apr. 19, 2012). Again, "[t]his rule does not require that the cases be exactly identical." *Id.*

Rather, "both actions must involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings." *Id.* (quotation omitted). As stated above, all of the cases involve the same issues of law and fact—namely the legality of the underlying conduct of NCO and TSI servicing student loan accounts for National Collegiate trusts.

**B.** *The TSI Class Cases Should Be Consolidated Under Rule 42*

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." For the reasons stated above, the cases should also be consolidated into one class action.

Rule 42 has a three part test. First, "[a] court has the authority to consolidate separately captioned lawsuits into one case when the actions involve a common question of law or fact." *Sylverne v. Data Search N.Y., Inc.*, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (citing Fed. R. Civ. P. 42(a)(2)). Second, "a court should consider whether the proposed consolidation would promote convenience and judicial economy. *Id.* And third, "whether it would cause prejudice to any party." *Id.* Importantly, similar to the Local Rule on relatedness, the facts need not be identical to warrant consolidation. *Id.*

In the FDCPA class action context, consolidation has been approved by this Court in a similar case. *See Sylverne*, 2008 WL 4686163, at *1.[9] In *Sylverne*, the plaintiffs alleged Trak America and their debt collection law firms violated the FDCPA by submitting fraudulent affidavits in suits to collect debts. *See generally Id.* The 7 classes involved different law firms and different affidavits. *See Id.* at *1.

---

[9] The cases in *Sylverne* were filed by the same law firm representing the plaintiffs here, Edelman, Combs, Latturner & Goodwin.

13

The court determined, "[a]ll cases present a common question of law: whether the common conduct, if proven, violates the FDCPA," and further explained:

> Absent consolidation, the Court would face the specter of conducting as many as eight trials . . . involving identical legal claims and substantially overlapping evidence. That would lead to a substantial waste of judicial time and resources—including jury resources—for claims that could be adjudicated in one trial. In addition, consolidation would avoid the possibility that different juries hearing different of the related cases would reach inconsistent verdicts concerning whether the common conduct that is alleged violates the FDCPA. Consolidation thus would promote consistency of results, and would avoid the possibility that parties who are defendants in more than one of the cases . . . would be exposed to inconsistent results.

*Id.*

For the reasons stated above, the cases should be consolidated. Like *Sylverne*, the cases present common questions or law and fact—namely the underlying conduct in the collection of National Collegiate Trust accounts under the purported direction of TSI and NCO. Thus, like *Sylverne*, the question is "whether the common conduct, if proven, violates the FDCPA." *Id.* While the classes assert different causes of action, the facts need not be identical to warrant consolidation. *See id.*[10]

In addition, like *Sylverne*, "absent consolidation, the Court would face the specter of conducting" several trials "involving identical legal claims and substantially overlapping evidence." *Id.* As stated above, the parties will likely seek the same testimony and documents in discovery. Class members in one case are likely included in others. Further, the defendants are represented by the same counsel, and the plaintiffs are represented by the same counsel. Consolidation will allow the court and all parties to coordinate motion practice, discovery, and trial preparation in a manner that will make the most efficient use of time and resources and avoid wasteful duplication.

---

[10] The classes should be consolidated into one case and assert subclasses where the facts and causes of action vary.

Finally, consolidation would not cause prejudice to any party. Like in *Sylverne*, consolidation "would promote consistency of results, and would avoid the possibility that parties who are defendants in more than one of the cases" to be "exposed to inconsistent results." *Id.* Further, again, the defendants intend to move to dismiss each case, or have already done so. Consolidation would allow for the efficient and consistent resolution of those motions by proceeding with briefing, argument and obtaining a single, consistent ruling.

## IV. CONCLUSION

WHEREFORE, Defendants, Transworld Systems, Inc., EGS Financial Care, Inc., formerly known as NCO Financial Systems, Inc., and Blitt and Gaines, P.C., respectfully move this Honorable Court to enter an Order recommending the relation of the Thomas, Castano, Rosen, Rocco, Hill, Clark and O'Neill cases to the Eul case, and further Order the consolidation of such cases, and for any other relief this Court deems appropriate.

            Respectfully submitted,

            /s/ *Morgan I. Marcus*
            One of the Attorneys for Defendant,
            Transworld Systems, Inc. Expert Global Solutions,
            Inc. (f/k/a NCO Financial Systems, Inc.), and
            Blit & Gaines, P.C.

James K. Schultz
Daniel W. Pisani
Morgan I. Marcus
Sessions, Fishman, Nathan & Israel. L.L.C.
120 S. LaSalle Street, Suite 1960
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail:  jschultz@sessions.legal
      dpisani@sessions.legal
      mmarcus@sessions.legal

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2016, a true and correct copy of **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO REASSIGN FOR RELATEDNESS AND TO CONSOLIDATE** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Morgan I. Marcus*

*Attorneys for Defendants,*
*Transworld Systems, Inc.,*
*Expert Global Solutions, Inc. formerly known as*
*NCO Financial Systems, Inc.,*
*Blitt and Gaines, P.C.,*