**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON EUL and | ) | |
| STEPHEN KNOX, Sr. | ) | |
| on behalf of themselves and a putative class, | ) | |
| | ) | |
| Plaintiffs, | ) | Honorable Judge Ruben Castillo |
| | ) | |
| v. | ) | Case No.: 1:15-cv-07755 |
| | ) | |
| TRANSWORLD SYSTEMS, INC., successor | ) | Magistrate Judge Maria Valdez |
| to NCO FINANCIAL SYSTEMS, INC.; | ) | |
| NCO FINANCIAL SYSTEMS, INC.; and | ) | |
| BLITT AND GAINES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT TRANSWORLD SYSTEMS INC.,
EGS FINANCIAL CARE, INC., AND BLITT AND GAINES, P.C.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COMES Defendant Transworld Systems, Inc. ("TSI"), EGS Financial Care, Inc., formerly known as NCO Financial Systems, Inc. ("NCO"), and Blitt and Gaines, P.C. ("B&G"), by and through their undersigned counsel and pursuant to FED. R. CIV. P. 12(b)(6), respectfully submit this memorandum in support of their Motion to Dismiss plaintiffs' First Amended Complaint.

## I.     INTRODUCTION

On January 3, 2007, plaintiff Sharon Eul cosigned on a student loan in the amount of $18,000.00 and agreed to be jointly liable for the loan. *Dkt.54, ¶ 44.* Eul's cosigner for the loan was Jason Dodds, who Eul claims was a student working in her office. *Id.* Eul and Dodd failed

to re-pay the student loan and, as a result, were sued in an Illinois state court breach of contract action, Case No.: 14-M1-142497. *Dkt.54, ¶ 48.* That case is still pending.[1]

On August 2, 2007 Stephen Knox, Sr. cosigned on a student loan with his son in the amount of $18,000.00 and agreed to be jointly liable for the loan. *Dkt.54, ¶ 54.* Knox and his son failed to re-pay their student loan and, as a result, were sued in an Illinois state court breach of contract action, Case No.: 2015 AR 893. *Dkt.54, ¶ 58.* That case was dismissed without prejudice on October 16, 2015.[2]

While one plaintiff concurrently litigates her dispute in state court, both plaintiffs now also seek to drag these issues into federal court and have filed a class action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692e and 1692f, as well as the Illinois Consumer Fraud Act ("ICFA"), and the Illinois Collection Agency Act ("ICAA"). All of the alleged violations arise solely from an Illinois state law procedural notice issue plaintiffs are claiming creates a predicate requirement to the filing of the state court actions, which not incidentally were filed *by non-party plaintiffs*, National Collegiate Student Loan Trust 2007-1 and National Collegiate Student Loan Trust 2007-3, through their respective counsel Blitt. Every alleged claim in this case is therefore premised upon an allegation that somehow all of the defendants collectively (or perhaps each individually) failed to provide plaintiffs with a cosigner notice described in Illinois Statute, 815 ILCS § 505/2S, prior to the breach of contract lawsuits being filed by a non-party. *Dkt. 54, ¶ 77.* Notwithstanding the fact that plaintiff Eul already raised and is litigating these same issues in the state court case[3],

---

[1] *See Docket; Case No.: 14-M1-142497 attached.* Even though this motion is brought pursuant to Fed. R. Civ. P. 12(b), the Court may take judicial notice of the docket and filings in the state court case. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) ("[A] court may ... take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment.") (internal citations omitted).
[2] *See Docket; Case No.: 15-AR-893 attached.*
[3] *See Motion to Dismiss ¶¶ 1-4; Case No.: 14-M1-142497 attached.*

plaintiffs' claims also suffer from several fatal flaws which call for their dismissal with prejudice by this Court.

First, plaintiffs' Count I claims (alleged against all of the defendants) are not even actionable under the FDCPA. The case of *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871 (7th Cir. 2015) establishes, at the very least, that the state judicial proceedings are outside of the scope of Section 1692f, and further that the FDCPA, in general, is not an enforcement mechanism for matters governed elsewhere by state law. *See Bentrud*, 794 F.3d at 874-75 *citing Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). Likewise, the Seventh Circuit has stated: "Section 1692e does not even hint that federal courts have been authorized to monitor how debt-collection litigation is handled in state courts." *Harold v. Steel*, 773 F.3d 884, 887 (7th Cir. 2014). Overall, plaintiffs' complaint fails to allege any false representations whatsoever under Section 1692e. Therefore, dismissal is warranted. If this Court dismisses the FDCPA claim, it should decline jurisdiction over the remaining claims.

Second, plaintiffs fail to state a claim in Count II (alleged only against NCO and TSI) under the ICFA because they fail to establish (a) Article III standing; (b) that state court breach of contract litigation involves trade or commerce; (c) that they are consumers and therefore have statutory standing; (d) a deceptive act or unfair practice; (e) proximate cause; or (f) actual damages.

Third, plaintiffs fail to allege a violation or actual damages in Count III (alleged only again NCO and TSI) under the ICAA.

Finally, this Court has seen a similar situation before, in *Stampley v. LVNV Funding, LLC*, 583 F. Supp. 2d 960 (N.D. Ill. 2008) (Castillo, J.), where the same plaintiffs' counsel dragged a similar parallel and concurrent state court dispute into this Court. There, the Court

3

elected to abstain and stay the matter pursuant to *Colorado River* doctrine. *Id*. at 963. If this Court does not see fit to dismiss plaintiffs' claims with prejudice for the reasons argued in this motion, defendants request the same relief granted in *Stampley* due the pendency of Eul's state court case.

## II.     STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.3d 1510, 1520 (7th Cir. 1990). Dismissal is proper if the complaint does not set forth "enough facts to state a claim for relief that is plausible on its face." *St. John's United Church of Christ et al. v. City of Chicago et al.*, 502 F.3d 616, 625 (7th Cir. 2007). The Seventh Circuit has described the pleading requirement under *Twombly* as a "plausibility standard" which requires factual allegations that "raise a right to relief above the speculative level." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632 (7th Cir. 2012). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that the "plausibility" standard serves the practical purpose of preventing a plaintiff who lacks a claim from causing defendant to incur time and expense defending against plaintiff's claim, and thereby increasing a case's settlement value, when the fact that no claim exists can be determined merely by examining the complaint itself. *Id.* at 557-58. The only allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## III.    PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER THE FDCPA

### A.     STATE COURT PLEADING PROCEDURE AND EVIDENTIARY ISSUES ARE NOT ACTIONABLE UNDER THE FDCPA

Courts in this Circuit are in accord that consumers cannot state a claim under the FDCPA by simply pointing to evidentiary and procedural deficiencies in a state court action. However, that is precisely what the plaintiffs are attempting to do in this case.

The plaintiffs allege that the defendants violated § 1692e and § 1692f of the FDCPA "by filing lawsuits they were specifically prohibited from bringing **because of their failure to afford the consumer the proper notice** of default and opportunity to repay the debt." *Dkt. 54, ¶ 78.* [Emphasis added]. This claim fails because it is an attempt to piggyback an FDCPA claim onto an alleged Illinois state procedural notice rule. As best put by the Seventh Circuit in *Olvera v. Blitt & Gaines, P.C.,* 431 F.3d 285, 287 (7th Cir. 2005), "[Plaintiff's position] makes the federal statute a vehicle for enforcing a state law, and why would Congress do that?" *Id.*

The Seventh Circuit rejects these types of claims, because if plaintiffs were able to prevail in such suits, "federal courts could award damages every time a litigant in state court used an improper procedure or considered evidence that a federal judge does not think trustworthy." *Harold*, 773 F.3d at 887. "Section 1692e does not even hint that federal courts have been authorized to monitor how debt-collection litigation is handled in state courts." *Id.* The FDCPA is not an enforcement mechanism for matters governed elsewhere by state law. *Bentrud*, 794 F.3d at 875 *citing Beler*, 480 F.3d at 470.

The FDCPA does not provide relief for violations of state procedural rules, such as the need for state court pleadings to provide notice of a claim. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). In *Beler*, the Seventh Circuit clarified that it "did not imply that the FDCPA dictates the [state court] complaint's contents; to the contrary … the state's rules of procedure, not federal law, determine which facts, and how much detail, must be included in documents filed with a clerk of court for presentation to a judge" and held that "it is

5

far from clear that the FDCPA controls the contents of pleadings filed in state court." *Beler*, 480 F.3d at 472-73; *see also Lena v. CACH, LLC*, 2015 WL 4692443, *2-5 (N.D. Ill. 2015) (collecting federal circuit cases) ("to paraphrase, if the debt collector violated a state rule of procedure, then the … remedy is to be found in the state's rules, not the FDCPA"); *Pantoja v. Portfolio Recovery Associates, LLC*, 2015 WL 1396609, *3 (N.D. Ill. 2015) (collecting N.D. Ill. cases) (holding, in an FDCPA case based upon a state-court debt collection lawsuit, "the challenge to the state court pleadings should have occurred in state court."); *St. John v. CACH, LLC*, 2014 WL 3377354 (N.D. Ill. 2014) ("It is well-established in this district that FDCPA claims cannot be based on violations of the Illinois state pleading requirements."); *Krawczyk v Centurion Capital Corp.*, 2009 WL 395458 (N.D. Ill. 2009) (No FDCPA claim for failure to attach a contract to a complaint); *Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139, at *2 (N.D. Ill. 2008) ("[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."); *Rosales v. Unifund CCR*, 2008 WL 5156681, *2 (N.D. Ill. 2008) ("concerns regarding the propriety of the [defendant's] Affidavits attached to state court pleadings are state concerns and can be addressed by the state courts."); *Fick v. American Acceptance Company*, 2012 WL 1074288 (N.D. Ind. 2012) (FDCPA does not have a piggyback jurisdiction clause and plaintiff cannot use its prohibitions as an enforcement mechanism for state law); *Gibbs v. Blitt and Gaines, P.C.*, 2014 IL App (1st) 123681, 2014 WL 554550 ("[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation.").

In *Lena v. CACH, LLC*, 2015 WL 4692443, *1-5 (N.D. Ill. 2015), the plaintiff filed an action under FDCPA sections 1692e and 1692f, and the ICFA, for defendant's pursuit of a state-

court collection action. *Id*. The court granted defendant's motion to dismiss, holding that simply alleging "procedural or evidentiary missteps alone" does not state an FDCPA claim and that plaintiff's claim was just "an attempt to use the FDCPA to enforce state court rules …" *Id*. The court concluded, citing *Beler*, that "if the debt collector violated a state law of procedure, then the … remedy is to be found in the state's rules, not the FDCPA." *Id*. at *5.

In *Pantoja v. Portfolio Recovery Associates, LLC*, 2015 WL 1396609, *3 (N.D. Ill. 2015), another judge in this district rejected a similar claim, citing *Beler*, holding that "a state court judge is in the best position to assess a state court complaint's alleged defects." Therefore, the court in *Pantoja* declined "to police the adequacy of state court filings in the context of an FDCPA claim," concluding that "[a]ny attack on the State Court Complaint should occur in state court…" *Id*. This Court should follow *Bentrud*, *Beler*, *Lena* and *Pantoja* and the other cases cited above.

## B. NO DEFENDANT IS ALLEGED TO HAVE MADE ANY FALSE REPRESENTATIONS OR ENGAGED IN UNFAIR PRACTICES

Plaintiffs have only pled 1692e and 1692f claims in Count I and *Bentrud*, 794 F.3d 871, if followed, should foreclose on plaintiffs' ability to ever bring any Section 1692f claim based on "unfair practices" allegations in this case purely as a pleading matter. Additionally, plaintiffs also fail to allege the very basic elements of an FDCPA section 1692e claim. Section 1692e prohibits false or misleading representations. Therefore, Count I should further be dismissed because the plaintiffs do not identify any representations that they are claiming were false or misleading, much less explain which defendant made which representation and when, how and where they did it. Defendants should not be put in a position where they have to guess what statement or statements plaintiffs are alleging are actionable misrepresentations. As noted above, defendants are not even alleged to be plaintiffs in the state court cases. As a result, plaintiffs

have wholly failed to articulate what was false. Without sufficiently specific fact allegations, Count I should not be allowed to survive regardless of whether the claim should even be brought in federal court.

## IV.  IF THIS COURT DISMISSES THE FDCPA CLAIM, IT SHOULD DECLINE JURISDICTION OVER THE STATE LAW CLAIMS.

If this Court dismisses Count I, it should also follow *Lena*, 2015 WL 4692443 at *6, and *Pantoja*, 2015 WL 1396609 at *4, and decline supplemental jurisdiction over the remaining state law claims for the same reasons it was declined by the courts in *Lena* and *Pantoja*.

## V.  PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER THE ILLINOIS CONSUMER FRAUD ACT

This Court should also dismiss Count II. The aim of the ICFA is protecting consumers against fraud and unfair or deceptive acts in the conduct of trade or business. *815 ILCS 505/2.* "To adequately plead a private cause of action under the ICFA, a plaintiff must allege: (1) an unfair or deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; (4) actual damage to the plaintiff; and (5) that such damages were proximately caused by the defendant's deception." *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 908-09 (N.D. Ill. 2012) (Castillo, J.); *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166 ¶ 62 (Ill. 2011).

All of the required elements must be pled with specificity. *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 168 (2005). Therefore, a plaintiff "must allege with particularity the 'who, what, when, where, and how' of the fraud or misrepresentation." *Thrasher-Lyon*, 861 F. Supp. 2d at 909 (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

### A.  PLAINTIFFS LACK ARTICLE III STANDING

In *Thrasher-Lyon*, this Court, in analyzing an ICFA claim, held that to establish Article III standing, a plaintiff must allege (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Id*. at 908. Like in *Thrasher-Lyon*, here, nowhere in their complaint do the plaintiffs allege they were injured or harmed.

Plaintiffs only allege that they "suffered damages as result of having to retain an attorney and file an appearance in order to defend the action." *Dkt*. 54, ¶ 105. However, this illogical reasoning has been squarely rejected by the United States Supreme Court. *See Lewis v. Continental Bank Corp*., 494 U.S. 472, 480 (1990) (An "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 107 (1998) ("Obviously, however, a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.").

Plaintiffs also allege the case of *Murray v. GMAC Mortg. Corp*., 434 F.3d 948 (7th Cir. 2006) "eliminates the need" for them to establish damages[4]. *Dkt. 54, ¶ 106.* Plaintiffs are wrong and *Murray* says nothing of the sort. The *Murray* case did not even involve an ICFA violation or actual damages. Furthermore, when plaintiffs allege that 815 ILCS 505/2S "provides for recovery of up to $250 as an actual damage", *Dkt. 54, ¶ 106,* they are misleading. The Act does not provide for recovery of up to $250 *as* an actual damage, rather it provides for recovery *of* actual damages up to $250. Those two statements are very different and the actual text of the ICFA is very clear that plaintiffs must plead actual damages. Likewise, plaintiffs must also

---

[4] Defendants recognize that "injury in fact" and "actual damages" are different determinations. However, plaintiffs' complaint fails to sufficiently address either. Therefore, for purposes of this motion, the argument is interchangeable.

plead an injury in fact. Here, plaintiffs have pled even less than the plaintiff in *Thrasher-Lyon* in support of Article III standing and therefore the complaint should be dismissed the same as in *Thrasher-Lyon* for failure to plead an ICFA claim *with specificity* as required. *Id.* at 908.

**B.  STATE COURT CONTRACT LITIGATION IS NOT TRADE OR COMMERCE**

In *Thrasher-Lyon*, this Court noted that the debt collection practices described in *People ex rel. Daley v. Datacom Systems Corp.*, 146 Ill.2d 1 (1991), wherein Datacom sold and provided services to the City of Chicago in the form of mailing demand notices to hundreds of thousands of people in the State of Illinois, constituted the sale and distribution of services which are embraced by the ICFA as "trade" or "commerce". *Thrasher-Lyon*, 861 F. Supp. 2d at 909. However, the situation in *Daley* is very different from the allegations in this case, which do not involve hundreds of thousands of collection letters but rather a pending state court contract case filed by a non-party plaintiff, through its counsel Blitt, who the ICFA does not even apply to.[5] This situation simply does not involve trade or commerce.

"Legal services" themselves are excluded from the ICFA's "trade or commerce" definition, as well as claims arising out of them. *Cripe v. Leiter*, 184 Ill.2d 185 (1998); *Doe v. Planned Parenthood/Chicago Area*, 2011 IL App (1st) 091849 ¶ 38 (1st Dist. 2011). The reason is because the court already "administers a comprehensive regulatory scheme governing attorney conduct" including the Illinois Rules of Professional Conduct, the ARDC, and the Illinois Rules

---

[5] The Illinois Supreme Court has specifically refused to apply the ICFA to acts arising out of the practice of law. *Cripe v. Leiter*, 184 Ill.2d 185, 199 (1998). Court litigation has historically been subject to robust direct regulation by the Illinois Supreme Court, rather than the Illinois legislature, and therefore "where allegations of misconduct arise from a defendant's conduct in his or her capacity as an attorney representing a client, the Consumer Fraud Act does not apply." *Id.* at 195-99. The Illinois Supreme Court's reasoning in *Cripe* applies not just between persons in an attorney-client relationship but also applies to allegations by a debtor against opponent attorneys acting as debt collectors on behalf of debt owners. *See Wilbourn v. Advantage Financial Partners, LLC*, 2010 WL 1194950, *12 (N.D. Ill. 2010); *Collins v. Sparacio*, 2003 WL 21254256, *3 (N.D. Ill. 2003); *Shalabi v. Huntington National Bank*, 2001 WL 777055, *2 (N.D. Ill. 2001); *Zanayed v. Gertler & Gertler, Ltd.*, 2000 WL 294183, *2 (N.D. Ill. 2000).

of Civil Procedure. *Cripe*, 184 Ill.2d at 195-96. "The purpose of the regulatory scheme is to protect the public and maintain the integrity of the legal profession." *Id.* Here, plaintiffs are not attempting to regulate trade or commerce via Count II but rather plaintiffs are attempting to regulate an opposing state court *non-party* litigant via this Court and enforce a state court notice pleading requirement that was already the subject of a filed motion in the underlying case. That is clearly beyond the intended scope of the ICFA.

The ICFA defines "trade" and "commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." 815 ILCS 505/1(f). Plaintiffs' complaint does not allege that NCO or TSI advertised anything, offered anything for sale, sold anything nor distributed anything. Therefore, the complaint is completely lacking in sufficient allegations and Count II should be dismissed for failure to plead an ICFA claim *with specificity* as required.

### C.   PLAINTIFFS ARE NOT CONSUMERS AND THEREFORE LACK STATUTORY STANDING

Under the ICFA, a consumer is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS § 505/1(e). In *Thrasher-Lyon*, this Court dismissed plaintiff's ICFA claim because she did not allege that she purchased or contracted for the purchase of anything from defendants and therefore was not a consumer. *Id.* at 910-12. Furthermore, in concluding that the "consumer nexus test" was not satisfied, this Court noted that plaintiff in *Thrasher-Lyon* failed to allege how the defendants' actions or representations concerned consumers other than herself or how their actions involved consumer protection

11

concerns. The *Thrasher-Lyon* plaintiff also failed to allege that the letters and written notices she received concerned anyone other than her. *Id.* As a result, this Court determined that plaintiff lacked statutory standing to pursue her ICFA claims.

Plaintiffs, here, likewise fail to set forth any factual allegations plausibly supporting the conclusion that, as a co-signor to a private student loan *who received no funds themselves* but instead signed for the benefit of a non-party, (and where the lender is also a non-party), that plaintiffs somehow can be considered consumers in relation to NCO or TSI. Like the plaintiff in *Thrasher-Lyon*, plaintiffs here have failed to plead any consumer concerns to satisfy the consumer nexus test, where neither of the defendants are sellers of anything nor are they attempting to induce individuals to purchase "merchandise." *Id.* Therefore, plaintiffs have failed to plead the ICFA claim *with specificity* as required.

### D.    THERE IS NO DECEPTIVE ACT OR UNFAIR PRACTICE PLED

Plaintiffs also do not allege *with specificity* any deceptive act or unfair practice, much less that NCO or TSI ever contacted plaintiffs, spoke with plaintiffs or communicated with plaintiffs in any way. Plaintiffs never sufficiently explain why the purported notice requirement would apply to either NCO or TSI. Even if they were litigants, under Illinois law the only causes of action recognized against a litigant for engaging in litigation are malicious prosecution and abuse of process. *Lyddon v. Shaw*, 56 Ill. App. 3d 815, 821-23 (2d Dist. 1978). Illinois law prohibits liability on the basis of filing a lawsuit under any other theories. *See Havoco of America, Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983); *Junction Solutions, LLC v. MBS Dev., Inc.*, 2007 WL 4234091, *5 (N.D. Ill. 2007); *Wilton Partners III, LLC v. Gallagher*, 2003 WL 22880834, *4 (N.D. Ill. 2003); *see also PSN Illinois, Inc. v. Ivoclar Vivadent, Inc.*, 2005 WL 2347209, *6 (N.D. Ill. 2005) (claim brought under the Uniform Deceptive Trade Practices Act

dismissed because engaging in litigation may only form the basis of a malicious prosecution or abuse of process claim in Illinois – no other claims may be asserted against a litigant).

Therefore, plaintiffs' claim makes little sense. Illinois itself does not allow for vicarious or derivative liability under the ICFA, requiring participation in the alleged fraud to be "active and direct" while refusing to permit claims under the ICFA even against those who knowingly receive the benefits of another person's fraud. *See Jackson v. South Holland Dodge, Inc.*, 197 Ill.2d 39, 52 (2001); *Zekman v. Direct Am. Marketers, Inc.*, 182 Ill.2d 359, 370 (1988). As plaintiffs' Count II is based on nothing but a claim against NCO and TSI for being vaguely tangential to a non-party plaintiff in a breach of contract lawsuit, the allegations do not even come close to pleading a deceptive act or unfair practice *with specificity*.[6]

### E.     PROXIMATE CAUSATION HAS NOT BEEN PLED WITH SPECIFICITY

In order to state an ICFA claim, plaintiffs must allege that an ICFA violation proximately caused actual damages. 815 ILCS 505/10(a); *Avery v. State Farm Mut., Ins., Co.*, 216 Ill.2d 100, 195-97 (2005). "Proximate causation is an element of all private causes of action under the Act [CFA]." *Avery*, 216 Ill.2d at 200. To maintain an action under the ICFA, plaintiff must actually be deceived by a statement or omission that is made *by the defendant*. *De Bouse v. Bayer*, 235 Ill.2d 544, 554 (2009) [Emphasis added]. If a plaintiff has neither seen nor heard a statement made by defendant, then the plaintiff cannot have relied upon it and consequently cannot prove proximate cause. *Id*.

---

[6] A plaintiff may not take a breach of contract claim and "dress [it] up in the language of fraud" in an attempt to state an ICFA claim. *Wheeler v. Assurant Specialty Property*, 2015 WL 5117770, *5 (N.D. Ill. 2015) *citing Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 395 (7th Cir. 2011) ("[F]raud claims must contain something more than reformulated allegations of a contractual breach.... [B]reach-of-contract allegations dressed up in the language of fraud .... cannot support statutory or common-law fraud claims.") The ICFA was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. *DW Data, Inc. v. C. Coakley Relocation Systems, Inc.*, 951 F. Supp. 2d 1037 (N.D. Ill. 2013) *citing Avery*, 216 Ill.2d at 169. Thus, courts must take care not to allow suits for breach of contract to be converted through artful pleading into a consumer fraud action. *Western Howard Corp. v. Indian Harbor Insurance. Co.*, 2011 WL 2582353, *4 (N.D. Ill. 2011).

Proximate cause is not a "throw-in" argument and it should not be treated as such. It is an absolute requirement under the ICFA that plaintiffs must plead *with specificity* and allege deception from a statement or omission that is made *by each defendant* (not someone else), because if plaintiffs have neither seen nor heard a statement made *by each defendant* then plaintiffs cannot have relied upon it and consequently cannot prove proximate cause. *De Bouse v. Bayer*, 235 Ill.2d 544, 554 (2009). These elements may not be presumed under the ICFA. *See Tolve v. Ogden Chrysler-Plymouth, Inc.*, 324 Ill. App. 3d 485, 490-91 (2d Dist. 2001). Count II fails to allege proximate cause *with specificity*.

## F.     ACTUAL DAMAGES HAVE NOT BEEN PLED WITH SPECIFICITY.

Similar to plaintiffs' failure to plead an injury sufficient to confer Article III standing, (*see Section V.A. above*), plaintiffs have also failed to allege actual damages. In order to state an ICFA claim, plaintiffs must allege actual damages that arise from *purely economic injuries*. *Cooney v. Chicago Public Schools*, 407 Ill. App. 3d 358, 365-66 (1st Dist. 2010). [Emphasis added]. Emotional damages are not sufficient to state an ICFA claim. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (1st Dist. 2009). Likewise, attorney's fees and litigation costs are not actual damages. *See Section V.A. above citing* Supreme Court *Lewis* and *Steel Co.* decisions; *see also, McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 751-52 (N.D. Ill. 2003)(Castillo, J.) Simply hiring an attorney also does not satisfy this standard. If it did, "every consumer who went to an attorney would be able to plead actual damages, frustrating the purpose for allowing the private cause of action in the first place: to allow a remedy only to those who have actually suffered from the debt collector's conduct." *Id.; see also Herkert v. MRC Receivables Corp.,* 655 F. Supp. 2d 870, 881 (N.D. Ill. 2009) (Castillo, J.)(attorney's fees are not considered actual damages). Here, plaintiffs fail to allege *with specificity* how, when or why

they suffered actual damages arising from economic injuries. Again, this is not a "throw-in" argument. Count II should be dismissed on this basis alone.

## VI. PLAINTIFFS HAVE FAILED TO ALLEGE A VIOLATION OR ACTUAL DAMAGES UNDER THE ICAA

Count III should also be dismissed. Plaintiffs allege that defendants TSI and NCO violated the following provisions of 225 ILCS 425/9 of the ICAA:

> (20)  Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .
>
> * *
>
> (26)  Misrepresenting the amount of the claim or debt alleged to be owed. *Dkt. 54, ¶ 118.*

Plaintiffs fail to allege any facts to support these allegations. Plaintiffs each admit they cosigned for a loan and neither denies they owe the debt. *Dkt. 54, ¶ 44, 54.* Plaintiffs' only complaint is that they were not provided with the notice described by ICFA Section 505/2S. *Dkt. 1, ¶ 68.* This is insufficient to support a claim under the ICAA because plaintiffs acknowledge that defendants have the right to collect the debt that they concede they owe. Furthermore, as argued above, plaintiffs make no effort to allege or explain what, when, where or how NCO or TSI made any misrepresentations as non-parties to the state case. S*ee Section III.B above.*

Therefore, even assuming the ICAA allows a private right of action (which defendants dispute but page limitations prevent from being raised at this time), plaintiffs would, at a minimum, again be required to show actual injury before bringing such a claim. *McCabe*, 272 F. Supp. 2d at 751-52. They have failed to do so. *Id.; see also, Herkert v. MRC Receivables Corp.,* 655 F. Supp. 2d 870, 881 (N.D. Ill. 2009) (Castillo, J.)("[T]he ICAA requires a showing of actual damages, and attorney's fees are not considered actual damages under the ICAA."); s*ee also Sections V.A & V.F above.* Without actual damages, the ICAA does not apply.

## VII. CONCLUSION AND COLORADO RIVER ABSTENTION REQUEST

15

WHEREFORE, defendants respectfully move this Honorable Court to grant their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss plaintiffs' First Amended Complaint with prejudice.  If this Court does not see fit to dismiss plaintiffs' First Amended Complaint with prejudice, defendants request this Court elect abstention and stay the matter pursuant the *Colorado River* doctrine due the pendency of the parallel state court case as in *Stampley v. LVNV Funding, LLC*, 583 F. Supp. 2d 960 (N.D. Ill. 2008).

Respectfully submitted,

/s/ *Morgan I. Marcus*
James K. Schultz
Daniel W. Pisani
Morgan I. Marcus
Sessions Fishman Nathan & Israel, LLC
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603-3651
Telephone:     (312) 578-0990
Facsimile:     (312) 578-0991
E-mail:     jschultz@sessions.legal
          dpisani@sessions.legal
          mmarcus@sessions.legal
*Attorneys for Transworld Systems, Inc., EGS Financial Care, Inc., and Blitt and Gaines, P.C.*

Respectfully submitted,

/s/ *Todd P. Stelter*
David M. Schultz
Todd P. Stelter
Jason L. Santos
Hinshaw & Culbertson, LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: (312) 704-3527
Facsimile:   (312) 704-3001
E-mail:  dschultz@hinshawlaw.com
          tstelter@hinshawlaw.com
          jsantos@hinshawlaw.com
*Attorneys for Transworld Systems, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2016, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Morgan I. Marcus*