IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON EUL, et al., on behalf of themselves and a putative class, | ) ) ) |
| Plaintiffs, | ) Honorable Judge Ruben Castillo ) |
| v. | ) Case No.: 1:15-cv-07755 ) |
| TRANSWORLD SYSTEMS INC., et al., | ) Magistrate Judge Maria Valdez ) |
| Defendants. | ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

Plaintiffs, on behalf of themselves and all others similarly situated, request pursuant to Fed. R. Civ. P. 23(b)(3) that the Court enter an order: (1) conditionally certifying the settlement class defined *infra*; (2) preliminarily approving a class action settlement as set forth in the Class Settlement Agreement attached hereto as <u>Appendix 1</u>[1]; (3) conditionally certifying a class for settlement purposes and directing notice be sent to the conditionally certified class; and (4) setting dates for exclusions, objections, and a Fairness Hearing.

In support of their motion, the settling parties respectfully state as follows:

1. In their complaint, Plaintiffs claimed that Defendants violated state and federal laws in the course of attempting to collect private student loans from them.

2. Defendants deny Plaintiffs' claims, deny any liability to Plaintiffs or the proposed class, and deny any wrongdoing of any kind. Nonetheless, Defendants and Plaintiffs consider it desirable that this action and Plaintiffs' and the Classes' claims be settled.

---

[1] Parties are still awaiting signatures from several named plaintiffs and defendants.

3. The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement (the "Agreement") executed by the parties, attached hereto as <u>Appendix 1</u>.

4. For settlement purposes, the parties have stipulated to the certification of a class ("the Class") defined as follows:

> All persons that currently have addresses in the State of Illinois according to Defendants' records that owe on a defaulted NCSLT loan and where the date of delinquency or last payment was made less than 10 years prior to the date of this Agreement.[2]

5. For settlement purposes, the Class, as defined, meets all the requirements of Rule 23. Specifically:

(a) Class members are ascertainable and so numerous that joinder of all members is impracticable; according to Defendants' business records, there are 13,495 persons who fall under the stipulated definition of the Class.

(b) There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the lawsuit;

(c) The claims of Plaintiffs are typical of the claims of Class members;

(d) Plaintiffs have fairly and adequately protected the interests of the Class members;

---

[2] For purposes of the settlement, NCSLT includes the following entities: National Collegiate Master Student Loan Trust-I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1. National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4, and will be referred to collectively as NCSLT.

(e) A class action is superior to other available methods for an efficient adjudication of this controversy; and

(f) The law firm of Edelman, Combs, Latturner & Goodwin, LLC is qualified to serve as counsel for the Class.

6. Subject to the terms of the Agreement, Defendants have agreed to provide the following relief to Plaintiffs and the Classes:

(a) **Relief to Class Members**

**Class members will receive the following relief:**

A. TSI will request that the credit bureaus delete the tradeline furnished by TSI for each member of the Settlement Class, and TSI will use a commercially reasonable effort to ensure that requests are made to any other servicer of the defaulted loans owed to NCSLT for the Plaintiffs and the Settlement Class, including AES, that any tradelines furnished by them be deleted.

B. As it relates to the defaulted loans owed to NCSLT by Plaintiffs and any Settlement Class member, NCSLT will agree that going forward from the effective date of the agreement, the maximum interest rate to be applied on the underlying defaulted NCSLT loan will not exceed the lesser of the contracted loan rate or 9% per annum.

C. If the date of delinquency or last payment was more than 5 years, but less than 10 years from the date of Preliminary Approval, NCSLT will agree to suppress all interest charges and will not impose, assess or accrue any further interest charges for the 48 months following the date of Preliminary Approval on the Settlement Class members' defaulted NCSLT loan.

D. If the date of delinquency last payment was less than 5 years from the date of Preliminary Approval, NCSLT will agree to suppress all interest charges and will not impose, assess or accrue any further interest charges for the 24 months following the date of Preliminary Approval on the Settlement Class members' defaulted NCSLT loan.

E. Class members will have the option to enroll in the HELP program for additional benefits as referenced below.

**HELP Program:**
Class members may choose to enroll in the HELP program:

A. Each HELP class member shall be permitted to begin repayment on each defaulted NCSLT loan by making 9 timely payments over a 10-month period, with the aggregate

amount of the required payments to equal 2% of the outstanding balance, provided that each of the payments shall be no less than $25, and shall not exceed $500.

B. After 9 payments are made within the 10-month period, the HELP class member shall be permitted to satisfy in full, and settle the debt for 62.5% of the outstanding balance. The HELP class member shall then repay the loan over a period of 120 months, with a minimum payment of $50 per month.

C. If a HELP class member has a judgment against them for the underlying loan, the HELP class member shall be permitted to satisfy in full, and settle the debt for 75% of the outstanding balance after 9 payments are made within the 10-month period. The HELP class member shall then repay the loan over a period of 120 months, with a minimum payment of $50 per month.

D. During the repayment period, Defendants agree to forego and will not assess any interest provided that payments are made no later than 15 days after they are due and the HELP Settlement Class member remains current in the repayment plan.

E. Any co-borrower shall have the right to participate in the HELP program.

F. In the event that a joint obligor shall default, or fail to make timely payments under the HELP program, the co-signer, if any, shall receive written notice of the breach of the repayment plan, and will be given the opportunity to make payments to make the account repayment current and remain a part of the HELP program.

    (b)    **Relief to Plaintiffs**

Subject to Court approval, Defendants shall pay each named Plaintiff $1,500.00 for their alleged statutory damages and their services to the Class. Defendants also agree not to file collection suits against Plaintiffs or any co-obligor of Plaintiffs related to any NCSLT loan.

    (c)    **Payment to Plaintiffs' Counsel**

Plaintiff shall move the Court for an award of attorneys' fees and costs to be paid to their attorneys in an amount not to exceed $290,000. Defendants have agreed not to object to an award of attorney's fees and costs not to exceed $290,000.

    **7.**    Class Notice Plan & Class Members' Exclusion and Objection Rights

The Agreement provides that, no later than thirty (30) days after the entry of the Preliminary Approval Order, a third-party settlement administrator shall cause the Class Notice

(in a form substantially similar to that attached hereto as <u>Exhibit 1</u> to <u>Appendix 1</u>), to be sent via first class U.S. mail, postage prepaid to each Class member identified on the class list prepared by Defendants. Prior to mailing the Class notice, Class members addresses shall be updated through the National Change of Address Database. Class notices that are returned with a forwarding address will be re-mailed by the third-party administrator to the new address; notices returned without a forwarding address will be re-mailed to a new address, if one can be obtained through skip-tracing performed by the third-party administrator. Defendants will pay the cost of class notice to a third-party settlement administrator. Class members shall have 75 days from the date of the Preliminary Approval order to enroll online in the HELP Program, or to request exclusion from the class or file an objection to the settlement.

8. The Court should give preliminary approval to the settlement because it is a fair and reasonable compromise of disputed claims. The settlement, moreover, avoids the potential pitfalls identified by the Seventh Circuit in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014), and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) respectively.

9. Unlike *Pella*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named Plaintiffs and the class, for reasons including that the Plaintiffs share no familial relationship with any Class counsel. And unlike *Pella*, 753 F.3d at 724, there is no conflict of interest between Plaintiffs' counsel and the class. The settlement agreement does not provide for the payment of attorney's fees to Plaintiffs' counsel prior to the notice being sent to the class. *Id*.

10. Nor is the settlement "stacked against the class." *Id*. Here, the notice is simple and direct. There is no claim form requiring a Class member "to submit a slew of arcane data", *id.* at 725, or provide "needlessly elaborate documentation", *NBTY*, 772 F.3d at 784. No enrollment

form is necessary, unless class members wish to participate in the HELP program. Opting out merely requires a written statement to that effect, not the six requirements as in *Pella*, 753 F.3d at 726.

11. Unlike *RadioShack*, the instant settlement does not involve coupons. *RadioShack*, 768 F.3d at 635-637. Class members will receive relief from the interest charged to their loans, removal of the delinquent loans from their credit report, and an opportunity to participate in a debt reduction program.

12. Here, unlike the settlement in *NBTY*, there is *no* reversion or "kicker" provision, *NBTY,* 772 F.3d at 780, 786, in which money not awarded to class counsel is returned to the defendant.

13. In *NBTY*, the court also expressed concern about the settlement's *cy pres* distribution. The settlement here does not raise the same concerns. In *NBTY*, the maximum any class member could receive was $3; when very few people claimed, more than half of the money allocated to the class was donated to *cy pres*. *NBTY* stated that money should go to *cy pres* "only if it's infeasible" to give the money to the class members themselves. *NBTY,* 772 F.3d at 784. Here, the settlement is not a cash settlement and there is no *cy pres* provision.

14. The settlement in the instant case, is fair and reasonable and deserves preliminary approval because it is "within the range of possible approval." *Zolkos v. Scriptfleet, Inc.*, 12-8230, 2014 WL 7011819, *2 (N.D. Ill. Dec. 12, 2014). The preliminary approval hearing "is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Id. Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 C 2898, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011) (same).

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request pursuant to Fed. R. Civ. P. 23(b)(3) that the Court enter an order: (1) conditionally certifying the settlement class defined *infra*; (2) preliminarily approving a class action settlement as set forth in the Class Settlement Agreement attached hereto as Appendix 1; (3) conditionally certifying a class for settlement purposes and directing notice be sent to the conditionally certified class; and (4) setting dates for exclusions, objections, and a Fairness Hearing.

Respectfully submitted this 29th day of November, 2017.

*s/ Emiliya Gumin Farbstein*
Daniel A. Edelman, Esq.
Cathleen M. Combs, Esq.
James O. Latturner, Esq.
Emiliya Gumin Farbstein, Esq.
EDELMAN, COMBS, LATTURNER
& GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 917-4500
Facsimile: (312) 419-0379
E-Mail: dedelman@edcombs.com
E-Mail: ccombs@edcombs.com
E-Mail: jlatturner@edcombs.com
E-Mail: efarbstein@edcombs.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Emiliya Gumin Farbstein, hereby certify that on November 28, 2017, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

James K. Schultz
jschultz@sessions.legal

Daniel W. Pisani
dpisani@sessions.legal

Morgan I. Marcus
mmarcus@sessions.legal

David Israel
disrael@sessions.legal

Bryan Shartle
bshartle@sessions.legal

David M. Schultz
dschultz@hinshawlaw.com

Todd P. Stelter
tstelter@hinshawlaw.com

Jason L. Santos
jsantos@hinshawlaw.com

/s/ *Emiliya Gumin Farbstein*
Emiliya Gumin Farbstein