# APPENDIX 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON EUL, et al., on behalf of themselves and a putative class, | ) ) ) |
| Plaintiffs, | ) Honorable Judge Ruben Castillo ) |
| v. | ) Case No.: 1:15-cv-07755 ) |
| TRANSWORLD SYSTEMS INC., et al., | ) Magistrate Judge Maria Valdez ) |
| Defendants. | ) |

**CLASS SETTLEMENT AGREEMENT**

This class settlement agreement dated as of April 26, 2017, (the "Agreement"), is made and entered into by and among the following parties, as those terms are defined herein: (i) plaintiffs, Sharon Eul, Stephen Knox, Sr., Stacy Clark, Ricardo Herrera, Leonor Herrera, Michael Gnesin, Bridgette Thomas, Yvonne Thomas, Thomas Rosen, Rupali Patel, Juan Castano, Esther Castano, Cesar Afuang, Terry Rocco, Shaundel Hill, Stanley McCool, Shannon O'Neill, Laura Timbario, and Werner Gruber (collectively "Plaintiffs"), on behalf of themselves and each of the settlement class members, by and through Plaintiffs' counsel; and (ii) defendants, Transworld Systems Inc. ("TSI"), EGS Financial Care Inc. f/k/a NCO Financial Systems, Inc. ("EGS"); Weltman, Weinberg & Reis Co., L.P.A. ("WWR") Blitt and Gaines, P.C. ("B&G"), National Collegiate Student Loan Trust 2003-1 ("NCSLT 2003-1"); National Collegiate Student Loan Trust 2004-1 ("NCSLT 2004-1"); National Collegiate Student Loan Trust 2006-2 ("NCSLT 2006-2"); National Collegiate Student Loan Trust 2006-3 ("NCSLT 2006-3"); National Collegiate Student Loan Trust 2006-4 ("NCSLT 2006-4"); National Collegiate Student Loan Trust 2007-1 ("NCSLT 2007-1"); National Collegiate Student Loan Trust 2007-2 ("NCSLT 2007-2"); National Collegiate Student Loan Trust 2007-3 ("NCSLT 2007-3"); National

1

Collegiate Student Loan Trust 2007-4 (collectively "Defendants")[1] by and through their counsels of record in this lawsuit. This Agreement is intended by the parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

1. **Parties.** Defendants, TSI, EGS, WWR, B&G, NCSLT 2003-1, NCSLT 2004-1, NCSLT 2006-2, NCSLT 2006-3, NCSLT 2006-4, NCSLT 2007-1, NCSLT 2007-2, NCSLT 2007-3, NCSLT 2007-4 and Plaintiffs Sharon Eul, Stephen Knox, Sr., Stacy Clark, Ricardo Herrera, Leonor Herrera, Michael Gnesin, Bridgette Thomas, Yvonne Thomas, Thomas Rosen, Rupali Patel, Juan Castano, Esther Castano, Cesar Afuang, Terry Rocco, Shaundel Hill, Stanley McCool, Shannon O'Neill, Laura Timbario, and Werner Gruber, individually, and as representatives of the class of persons defined below in ¶ 8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiffs and the Settlement Class arising from Defendants' collection of debts alleged in Plaintiffs' Consolidated Amended Complaint in this Lawsuit. Dkt. 79. Plaintiffs and Defendants are collectively referred to hereinafter as the "Parties."

2. **Nature of the Lawsuit.** On September 2, 2015, Sharon Eul, individually and on behalf of a purported class, filed a lawsuit in the United States District Court for the Northern District of Illinois captioned *Sharon Eul v. Transworld Systems Inc., et al.* Case No. 1:15-cv-07755 (the "Lawsuit"). Dkt. 1. On January 27, 2016, on the defendants' motion to reassign for relatedness and to consolidate, the court consolidated 7 class action complaints with this matter: 15 C 8328, 15 C 8409, 15 C 8701, 15 C 9276, 15 C 9624, 15 C 10549, and 15 C 11339. Dkt. 64.

---

[1] For purposes of this agreement and settlement only, the following unnamed trusts shall be included: (1) National Collegiate Master Student Loan Trust-I; (2) National Collegiate Student Loan Trust 2004-2; (3) National Collegiate Student Loan Trust 2005-1; (4) National Collegiate Student Loan Trust 2005-2; (5) National Collegiate Student Loan Trust 2005-3; and (6) National Collegiate Student Loan Trust 2006-1.

On August 17, 2016, a Consolidated Amended Complaint was filed by the Plaintiffs against the Defendants alleging violations, individually and behalf of purported classes, of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Illinois Interest Act, 815 ILCS § 205, *et seq.* ("IIA"), the Illinois Collection Agency Act, 225 ILCS § 425, *et seq.* ("ICAA"), the Illinois Consumer Fraud Act, 815 ILCS § 505, *et seq.* ("ICFA") and in tort for unauthorized filing of lawsuits.

On May 6, 2016, the Defendants' filed a motion to dismiss the Consolidated Amended Complaint. Dkt. 72-73. On February 28, 2017, the Parties filed a Joint Motion to Stay Proceedings pending private mediation with Judge James F. Holderman (ret.). Dkt. 90.

On March 30, 2017, Chief Judge Ruben Castillo ruled on the motion to dismiss, and entered an opinion and order (1) dismissing Count I with prejudice as to any claim under 15 U.S.C. § 1692f, but the remainder of the claim under 15 U.S.C. § 1692e survived; (2) dismissing Count III with prejudice; (3) dismissing Count V with prejudice as to any claim under 15 U.S.C. § 1692e(5) and any FDCPA claim that is derivative of the ICAA; (4) dismissing Count VI with prejudice; (5) dismissing Count VII without prejudice; (5) dismissing Count VIII with prejudice as to any ICAA claim against B&G and/or WWR; however, the remainder of the claim survived the dismissal to the extent that it alleged an independent tort against B&G and/or WWR; (6) dismissing Count IX with prejudice as to claims made under 15 U.S.C. §§ 1692e, e(2) and e(10), specifically, but the remainder of the claim under 15 U.S.C. § 1692e(8) survived the motion to dismiss; (7) dismissing Count X with prejudice; (8) dismissing Count XII without prejudice; and (9) dismissing Count XIII with prejudice. Dkt. 93-94.

On April 26, 2017, the mediation was held with Judge James F. Holderman (ret.). The Parties reached agreement on a term sheet and memorandum of understanding, the terms of which are more expressly provided for below.

3. **Denial of Liability.** By entering into this Agreement, Defendants do not admit that they are liable to Plaintiffs or the Settlement Class, nor do Defendants concede that, absent a settlement, Plaintiffs' putative classes may properly be certified under the Federal Rules of Civil Procedure. Defendants desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiffs against Defendants in the litigation. The Defendants deny all liability to Plaintiffs and the Settlement Class.

4. Plaintiffs, individually and on behalf of the Settlement Class, desire to settle their claims against Defendants, having taken into account through Plaintiffs' counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Lawsuit will be further protracted and expensive.

5. Plaintiffs' counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, obtaining discovery on issues pertaining to class size and damages. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs' counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, Plaintiffs, Plaintiffs' counsel, Defendants, and Defendants' counsel collectively agree to settle the claims of the Plaintiffs and the Settlement Class arising from the Defendants' collection of debts as alleged in Plaintiffs' Consolidated Amended Complaint in the Lawsuit, subject to the Court's approval, on the following terms and conditions.

## TERMS

7. **Effective Date**. This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a Final Approval Order

4

which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses without prejudice the claims alleged by Plaintiffs and the Settlement Class in the Consolidated Complaint (to the extent the claim has not already been dismissed with prejudice pursuant to the order dated March 30, 2017), and, (2) (a) if no objections are filed, the expiration of thirty three days after the Court's entry of the Final Approval Order; (b) if any objections are filed, the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Agreement shall be deemed to be the next business day after such 33rd day); or (c) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with the terms and conditions of this Agreement.

8. **Certification of Settlement Class**. For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All persons that currently have addresses in the State of Illinois according to Defendants' records that owe on a defaulted NCSLT[2] loan and where the date of delinquency or last payment was made less than 10 years prior to the date of this Agreement.

---

[2] For purposes of this agreement and settlement, "NCSLT" shall refer to and include collectively the following 15 trusts: (1) National Collegiate Master Student Loan Trust-I, (2) National Collegiate Student Loan Trust 2003-1; (3) National Collegiate Student Loan Trust 2004-1; (4) National Collegiate Student Loan Trust 2004-2; (5) National Collegiate Student Loan Trust 2005-1; (6) National Collegiate Student Loan Trust 2005-2; (7) National Collegiate Student Loan Trust 2005-3; (8) National Collegiate Student Loan Trust 2006-1; (9) National Collegiate Student Loan Trust 2006-2; (10) National Collegiate Student Loan Trust 2006-3; (11) National Collegiate Student Loan Trust 2006-4; (12) National Collegiate Student Loan Trust 2007-1; (13) National Collegiate Student Loan Trust 2007-2; (14) National Collegiate Student Loan Trust 2007-3 and (15) (14) National Collegiate Student Loan Trust 2007-4.

9. **Class Size.** Defendants have provided informal discovery to Plaintiffs' counsel concerning the number of class members. A class list will be prepared and preserved.

10. **Relief to Plaintiffs and the Settlement Class.** In exchange for the release and in Paragraph 17, the Defendants' agree to the following:

(a) TSI will request that the credit bureaus delete the tradeline furnished by TSI for all Plaintiffs and for each member of the Settlement Class, and TSI will use a commercially reasonable effort to ensure that requests are made to any other servicer of the defaulted loans owed to NCSLT for the Plaintiffs and the Settlement Class, including AES, that any tradelines furnished by them be deleted.

(b) As it relates to the defaulted loans owed to NCSLT by Plaintiffs and a Settlement Class member, NCSLT will agree that, going forward from the Effective Date, the maximum interest rate to be applied on the underlying defaulted NCSLT loan will not exceed the lesser of the contracted loan rate or 9% per annum.

(c) Plaintiffs and Settlement Class members will have the option of enrolling into a Higher Education Loan Program ("HELP"). See paragraph 14 below. For those Plaintiffs and Settlement Class members electing to enroll in HELP, Defendants will agree to the following:

i. Each HELP Settlement Class member shall be permitted to begin repayment on each of their defaulted NCSLT loans by making 9 payments over a 10-month period, with the aggregate amount of the required payments to equal 2% of the outstanding balance, provided that each of the separate 9 payments shall be no less than $25, and shall not exceed $500.

ii.     Upon the making of the 9 payments within the 10-month period, each Plaintiff and HELP Settlement Class member shall be permitted to satisfy in full, and settle the defaulted NCSLT debt for 62.5% of the outstanding balance ("negotiated balance"), provided however that the HELP Settlement Class member does not have a judgment on the underlying defaulted NCSLT loan.

iii.    If the HELP Settlement Class member has a judgment on the underlying defaulted NCSLT loan, then the loan shall be permitted to be satisfied in full by making payments totaling 75% of the balance ("negotiated balance") after the making of the 9 payments.

iv.     The negotiated balance of any defaulted NCSLT loan shall be repaid over a period of 120 months (subject to the minimum payment requirement) beginning after the 10-month period where the 9 payments were made. The minimum amount of the monthly payment will be $50 per month. During the repayment period, Defendants agree to forego and will not assess any interest provided that payments are made no later than 15 days after they are due and the HELP Settlement Class member remains current in the repayment plan.

v.      For purposes of this Agreement, reasonably timely payments will include any payment made within 15 days of the monthly due date.

vi.     Any co-borrower shall have the right to participate jointly in the HELP plan identified in 10(c) above, and in the event that a joint obligor or co-borrower shall default, or fail to make timely payments under the plan, the joint obligor or co-borrower shall receive written notice of the breach of

the repayment plan within thirty (30) days of the missed payment, and will be given the opportunity to assume the repayments and make payments to bring the account repayment plan current by making a payment within thirty (30) days of the sending of the written notice.

vii. Borrowers or co-borrowers that currently have a payment agreement will not be permitted to enroll in the HELP plan.

viii. Borrowers or co-borrowers that currently are in active Chapter 7, Chapter 11, or Chapter 13 bankruptcy cases will not be permitted to enroll in the HELP plan and will be excluded from the settlement class.

ix. In the event of default, and failure to cure, as provided for in 10(c), the full balance, crediting for payments made, will become due and owing, and interest will accrue on that amount from the date of default to the extent not treated otherwise in paragraph 10(d) below.

(d) For those Plaintiffs and Settlement Class members who do not opt out of the Settlement Class, NCSLT will agree to the following:

i. If the date of delinquency or last payment is more than 10 years prior to the date of Preliminary Approval, the individual is not a Settlement Class member and is unaffected by this Agreement.

ii. If the date of delinquency or last payment is more than 5 years, but less than 10 years from the date of Preliminary Approval, NCSLT will agree to suppress all interest charges and will not impose, assess or accrue any further interest charges for the 48 months following the date of Preliminary Approval on the Settlement Class members' defaulted NCSLT loan.

8

iii.   If the date of delinquency or last payment is less than 5 years from the date of Preliminary Approval, NCSLT will agree to suppress all interest charges and will not impose, assess or accrue any further interest charges for the 24 months following the date of Preliminary Approval on the Settlement Class members' defaulted NCSLT loan.

(e)   <u>Payment to Class Representatives</u>:   Plaintiffs Sharon Eul, Stephen Knox, Sr., Stacy Clark, Ricardo Herrera, Leonor Herrera, Michael Gnesin, Bridgette Thomas, Yvonne Thomas, Thomas Rosen, Rupali Patel, Juan Castano, Esther Castano, Cesar Afuang, Terry Rocco, Shaundel Hill, Stanley McCool, Shannon O'Neill, Laura Timbario, and Werner Gruber shall each receive $1,500 as an incentive award and for their service as Class Representatives, subject to court approval.  Defendants also agree no collection lawsuit will be filed against any of the Class Representatives or any co-obligor of any Class Representative related to any NCSLT loan.  Defendants agree not to object to the Court awarding these amounts to Plaintiffs.  The payment(s) contemplated by this paragraph shall be made to Plaintiffs' Counsel within thirty (30) days from the Effective Date.

(f)   <u>Payment to Plaintiffs' Counsel</u>:   Plaintiffs' counsel shall petition the Court for approval of an award of fees and costs in an amount not to exceed $290,000, with $250,000 payable within thirty (30) days from the Effective Date as defined in the Agreement, and the remainder of $40,000 due 6 months thereafter.  Defendants shall pay Plaintiffs' counsel that amount which the Court deems reasonable, but not to exceed $290,000 as attorneys' fees and costs.  Defendants agree not to object to Plaintiffs' counsel petitioning the Court for an award of reasonable fees and costs up to this amount.

11.     **Attorney's Fees and Costs.**  Upon payment of the court-approved amount to Plaintiffs' counsel, Defendants shall have no further obligation with respect to Plaintiffs' counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of the Plaintiffs, or any Settlement Class member.

12.     Settlement Class members shall have seventy-five (75) days from entry of the Preliminary Approval Order to submit a HELP enrollment form, exclude themselves from, or object to, the Settlement.

13.     **Class Notice.**  If, by entering the Preliminary Approval Order, the Court provides authorization to provide the Class Notice to Settlement Class members, Class Notice shall be given as follows:

        A.     <u>Direct Mail.</u>   A third-party settlement administrator shall cause notice to the Settlement Class to be mailed within thirty (30) days after entry of a Preliminary Approval Order in the form and substance set forth in <u>Exhibit 1</u>. Prior to mailing the Notice, the third-party administrator shall obtain current addresses for Settlement Class members by running their addresses through the National Change of Address database. In the event that a Class Notice is returned as undeliverable and a forwarding address is provided, a Class Notice shall be sent to the forwarding address as soon as practicable. Online notice will also be provided via the creation and maintenance of a settlement website by the third-party settlement administrator or TSI.

14.     **Claims and Claim Procedure.**  Any Settlement Class member may seek to be included as a HELP Settlement Class member by submission of an enrollment form online via a system to be created and maintained by the third-party settlement administrator or TSI, as servicer of the loans.  The enrollment form shall require the HELP Settlement Class members to list their name, mailing address, and the telephone number on which they can be reached.

Notwithstanding anything to the contrary provided for by the express terms of this Agreement, Plaintiffs, and Plaintiffs' counsel, acknowledge and agree that normal collection activity can continue on Settlement Class members' accounts by the Defendants and/or their agents or representatives until the Settlement Class members submit an enrollment form for the HELP program.

15.     **Opting-Out.** Any Settlement Class member may seek to be excluded from the Settlement Class by opting out within the time period set by the Court. A request for exclusion must be in writing and include the name of the case. The request must also include the name, address, phone number and signature of the person(s) or entity seeking exclusion. The request must be mailed to Plaintiffs' counsel at the address provided in the Class Notice and the envelope must be postmarked no later than such date set by the Court for opting-out. The parties agree to recommend the deadline be 75 days from the date of entry of the Preliminary Approval Order.  A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Settlement Class member and shall be bound as a Settlement Class member to the Agreement, if approved. Plaintiffs' counsel shall forward copies of all requests for exclusion to Counsel for Defendants no later than seven days after receipt. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.  Defendants reserve the right to declare this Agreement null and void if more than 10% of Settlement Class members opt-out of the Agreement.

16.     **Objecting to the Settlement.** Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Plaintiffs' counsel within the time period set by the Court. The parties agree to

recommend the deadline be 75 days from the date of entry of the Preliminary Approval Order. All objections must be in writing and personally signed by the Settlement Class member and include: (1) the objector's name, address, and telephone number; (2) the name and number of the case; and (3) the factual basis and legal grounds for the objection to the Settlement. The written objection must indicate whether the Settlement Class member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector. Plaintiffs' counsel shall forward copies of all objections to Counsel for Defendants no later than 7 days after receipt.

17. **Release.** Upon the Effective Date, the Plaintiffs and Settlement Class members grant the following release:

(a)  Plaintiffs Sharon Eul, Stephen Knox, Sr., Stacy Clark, Ricardo Herrera, Leonor Herrera, Michael Gnesin, Bridgette Thomas, Yvonne Thomas, Thomas Rosen, Rupali Patel, Juan Castano, Esther Castano, Cesar Afuang, Terry Rocco, Shaundel Hill, Stanley McCool, Shannon O'Neill, Laura Timbario, and Werner Gruber, including each and every one of their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit (in their capacities as such), and any person claiming through them, along with each member of the Settlement Class who does not opt out of the Settlement Class (collectively "Releasors"), release Defendants and their predecessors, successors, affiliates, assigns, agents, parents, subsidiaries, divisions, departments, insurers, attorneys, and any and all of their past, present, and future

12

officers, directors, employees, stockholders, predecessors, successors, attorneys, subrogees (in their capacity as such) of any of the foregoing (collectively "Released Parties"), of any and all claims of the Settlement Class arising out of, or related to, the collection of the defaulted NCSLT loans, and the claims alleged in the Lawsuit.

(b)     In addition, Plaintiffs and the Settlement Class will agree to, and have waived all defenses to the validity of the underlying defaulted NCSLT loans alleged, or that could have been alleged, by any of the Plaintiffs or Settlement Class in any collection lawsuits, including the ability to contest ownership of the debts, but not released are the school fraud exception, individual payment disputes, accounting issues, forgery or any unique, individual capacity defenses.  Plaintiffs and the Settlement Class expressly reserve the statute of limitations defense in any collection lawsuits; however, the statute of limitations defense for collections lawsuits related to Plaintiff and/or the Settlement Class shall be subject to the 10-year limitations period provided for in 735 ILCS 5/13-206. This release shall not be construed to limit or release any benefit ("Benefits") made available to any member of the settlement class as a result of any consent order entered into between any NCSLT entity and the Consumer Financial Protection Bureau (arising out of *Consumer Financial Protection Bureau v. National Collegiate Student Loan Trust, et al.*, 1:17-cv-01323-GMS (D. De.)) and/or Transworld and the Consumer Financial Protection Bureau (arising out of *In the Matter of Transworld Systems Inc.*, File No. 2017-CFPB-0018, Doc. 1).  Any Benefits shall supersede any and all waivers described in this paragraph.

13

(c)     For purposes of this release, the term Released Parties shall also include the entities identified in footnote 1.

18.     The releases set forth herein are conditioned upon the Court's approval of the Agreement and Defendants meeting their obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other Lawsuit, or in any manner whatsoever.

19.     **Notice Costs and Related Matters.**     The cost of class notice shall be paid by Defendants.

20.     **Notice.** No later than seven (7) calendar days after entry of the Preliminary Approval Order, Defendants shall provide Plaintiffs' counsel and third-party settlement administrator with a spreadsheet containing the names and last known mailing addresses of the Settlement Class members, according to TSI's business records.[3] No later than thirty (30) days after entry of the Preliminary Approval Order, the third-party settlement administrator shall cause actual notice in the form of Exhibit 1 to be sent to Settlement Class members using Defendants' foregoing spreadsheet and submitting the address through the National Change of Address registry.

The third-party settlement administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the third-party settlement administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Plaintiffs' counsel shall be

---

[3] The spreadsheet shall be considered produced as Confidential pursuant to the confidentiality agreement entered in this matter. The information shall not be used for any commercial purpose (aside from providing notice in this matter), or for the purpose of soliciting clients to be represented in any litigation.

14

responsible for directing the third-party settlement administrator and shall retain any documents generated in connection with the settlement for one year from the void date and may destroy the documents after that date.

21.     Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") and file a notice of compliance with the Court.

22.     **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

(a)     Preliminarily approves this Agreement;

(b)     Certifies the Settlement Class defined in ¶ 8 for settlement purposes;

(c)     Appoints EDELMAN, COMBS, LATTURNER & GOODWIN LLC as Class Counsel;

(d)     Appoints Plaintiffs, Sharon Eul, Stephen Knox, Sr., Stacy Clark, Ricardo Herrera, Leonor Herrera, Michael Gnesin, Bridgette Thomas, Yvonne Thomas, Thomas Rosen, Rupali Patel, Juan Castano, Esther Castano, Cesar Afuang, Terry Rocco, Shaundel Hill, Stanley McCool, Shannon O'Neill, Laura Timbario, and Werner Gruber, as representatives of the Settlement Class;

(e)     Sets dates for Settlement Class members to submit an enrollment form to join the HELP plan, opt-out, or to object;

(f)     Schedules a hearing for final approval of this Agreement;

(g)     Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to the last known address of Settlement Class members as shown in Defendants' business records;

15

(h)    Finds that mailing of the Settlement Class notice and the other measures specified in ¶ 13 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process, the Federal Rules of Civil Procedure including Rule 23, the United States Constitution, and any other applicable laws.

23.    The Parties agree to request the form of notice attached hereto as <u>Exhibit 1</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit 2</u>. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

24.    **Final approval**. At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the date notice is provided under ¶ 13, Plaintiffs and Plaintiffs' counsel shall, on consent of Defendants and their counsel, request that the Court enter a Final Order:

(a) approving the terms of this Agreement as fair, reasonable, and adequate;

(b) providing for the implementation of its terms and provisions;

(c) certifying the Settlement Class for settlement purposes;

(d) finding that the notice given to the Settlement Class satisfies the requirements of due process, the Federal Rules of Civil Procedure including Rule 23, the United States Constitution, and any other applicable laws; and

(e) dismissing the claims of Plaintiffs and the Settlement Class alleged in the Consolidated Complaint without prejudice (to the extent the claim has not already been dismissed with prejudice pursuant to the order dated March 30, 2017).

25.    The Parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. Any non-substantive changes in the final order do not invalidate this Agreement.

16

26. **Release of Attorneys' Lien**. In consideration of this Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 17 above, of and from any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount of Plaintiffs' counsels' fees and costs to be determined and distributed pursuant to ¶ 10(f).

27. **Miscellaneous Provisions**.  The Parties and their attorneys agree to fully cooperate with one another in seeking approval of this Agreement and to use their best efforts to affect the consummation of this Agreement and settlement provided for herein prior to the fairness hearing.

28. **Destruction of Documents**. The Parties and their Counsel shall retain all documents and records generated during the administration of the settlement including Notice given to the Settlement Class members, records of undelivered mail, objections, requests for exclusion, Claim Enrollment Forms and payments to any Settlement Class member for a period of one year following entry of the Final Approval Order. After one year, the Parties and their Counsel are free to destroy documents generated in connection with this Agreement.

29. The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.  Each of the parties hereto has jointly participated in the negotiation and drafting of this Agreement. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement.

30. This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages

may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

31.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

32.     This Agreement shall be governed by and interpreted in accordance with the laws of the State of Illinois.

33.     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul                                Stephen Knox, Sr.,

*Rhoda Eul*

Date 11/2/17                              _____
                                          Date

Stacy Clark                               Ricardo Herrera

_____                        _____
Date                                      Date

Leonor Herrera                            Michael Gnesin

_____                        _____
Date                                      Date

Bridgette Thomas                          Yvonne Thomas

_____                        _____
Date                                      Date

Thomas Rosen                              Rupali Patel

_____                        _____
Date                                      Date

Juan Castano                              Esther Castano

_____                        _____

Cesar Afuang                              Terry Rocco

_____                        _____
Date                                      Date

Shaundel Hill                             Stanley McCool

_____                        _____
Date                                      Date

Shannon O'Neill                           Laura Timbario

_____                        _____
Date                                      Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul

_____
Date

Stacy Clark

_____
Date

Leonor Herrera

_____
Date

Bridgette Thomas

_____
Date

Thomas Rosen

_____
Date

Juan Castano

_____

Cesar Afuang

_____
Date

Shaundel Hill

_____
Date

Shannon O'Neill

_____
Date

Stephen Knox, Sr.

_____
Date  11/03/2017

Ricardo Herrera

_____
Date

Michael Gnesin

_____
Date

Yvonne Thomas

_____
Date

Rupali Patel

_____
Date

Esther Castano

_____

Terry Rocco

_____
Date

Stanley McCool

_____
Date

Laura Timbario

_____
Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul                                    Stephen Knox, Sr.,

_____              _____
Date                                          Date

Stacy Clark                                   Ricardo Herrera

_____              _____
Date  10/31/17                                Date

Leonor Herrera                                Michael Gnesin

_____              _____
Date                                          Date

Bridgette Thomas                              Yvonne Thomas

_____              _____
Date                                          Date

Thomas Rosen                                  Rupali Patel

_____              _____
Date                                          Date

Juan Castano                                  Esther Castano

_____              _____
Cesar Afuang                                  Terry Rocco

_____              _____
Date                                          Date

Shaundel Hill                                 Stanley McCool

_____              _____
Date                                          Date

Shannon O'Neill                               Laura Timbario

_____              _____
Date                                          Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul

_____
Date

Stacy Clark

_____
Date

Leonor Herrera

_Leonor Herrera_
Date 11 - 7 - 2017

Bridgette Thomas

_____
Date

Thomas Rosen

_____
Date

Juan Castano

_____

Cesar Afuang

_____
Date

Shaundel Hill

_____
Date

Shannon O'Neill

_____
Date

Stephen Knox, Sr.,

_____
Date

Ricardo Herrera

_R_
Date 11 - 7 - 2017

Michael Gnesin

_____
Date

Yvonne Thomas

_____
Date

Rupali Patel

_____
Date

Esther Castano

_____

Terry Rocco

_____
Date

Stanley McCool

_____
Date

Laura Timbario

_____
Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul                                          Stephen Knox, Sr.,

_____                  _____
Date                                                    Date

Stacy Clark                                         Ricardo Herrera

_____                  _____
Date                                                    Date

Leonor Herrera                                    Michael Gnesin

_____                  *Michael Gnesin*
Date                                                    Date   November 3, 2017

Bridgette Thomas                               Yvonne Thomas

_____                  _____
Date                                                    Date

Thomas Rosen                                    Rupali Patel

_____                  _____
Date                                                    Date

Juan Castano                                      Esther Castano

_____                  _____

Cesar Afuang                                     Terry Rocco

_____                  _____
Date                                                    Date

Shaundel Hill                                      Stanley McCool

_____                  _____
Date                                                    Date

Shannon O'Neill                                  Laura Timbario

_____                  _____
Date                                                    Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul                                Stephen Knox, Sr.,

_____                   _____
Date                                      Date

Stacy Clark                               Ricardo Herrera

_____                   _____
Date                                      Date

Leonor Herrera                            Michael Gnesin

_____                   _____
Date                                      Date

Bridgette Thomas                          Yvonne Thomas

*Bridgett Thomas*                         *Yvonne Thomas*
Date  11/08/2017                          Date  11/08/2017

Thomas Rosen                              Rupali Patel

_____                   _____
Date                                      Date

Juan Castano                              Esther Castano

_____                   _____

Cesar Afuang                              Terry Rocco

_____                   _____
Date                                      Date

Shaundel Hill                             Stanley McCool

_____                   _____
Date                                      Date

Shannon O'Neill                           Laura Timbario

_____                   _____
Date                                      Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul

_____
Date

Stacy Clark

_____
Date

Leonor Herrera

_____
Date

Bridgette Thomas

_____
Date

Thomas Rosen

_____
Date

Juan Castano

_____

Cesar Afuang

_____
Date

Shaundel Hill

_____
Date

Shannon O'Neill

_____
Date

Stephen Knox, Sr.,

_____
Date

Ricardo Herrera

_____
Date

Michael Gnesin

_____
Date

Yvonne Thomas

_____
Date

Rupali Patel

_____
Date  11/13/17

Esther Castano

_____

Terry Rocco

_____
Date

Stanley McCool

_____
Date

Laura Timbario

_____
Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul

_____
Date

Stacy Clark

_____
Date

Leonor Herrera

_____
Date

Bridgette Thomas

_____
Date

Thomas Rosen

_____
Date

Juan Castano

_Juan J. Castano_
Date: 10/30/17

Cesar Afuang

_____
Date

Shaundel Hill

_____
Date

Shannon O'Neill

_____
Date

Stephen Knox, Sr.,

_____
Date

Ricardo Herrera

_____
Date

Michael Gnesin

_____
Date

Yvonne Thomas

_____
Date

Rupali Patel

_____
Date

Esther Castano

_Esther Castano_
Date: 10/30/17

Terry Rocco

_____
Date

Stanley McCool

_____
Date

Laura Timbario

_____
Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul                                    Stephen Knox, Sr.,

_____                       _____
Date                                          Date

Stacy Clark                                   Ricardo Herrera

_____                       _____
Date                                          Date

Leonor Herrera                                Michael Gnesin

_____                       _____
Date                                          Date

Bridgette Thomas                              Yvonne Thomas

_____                       _____
Date                                          Date

Thomas Rosen                                  Rupali Patel

_____                       _____
Date                                          Date

Juan Castano                                  Esther Castano

_____                       _____

Cesar Afuang                                  Terry Rocco

_____ _____ 11/4/2017 _____                 _____
Date                                          Date

Shaundel Hill                                 Stanley McCool

_____                       _____
Date                                          Date

Shannon O'Neill                               Laura Timbario

_____                       _____
Date                                          Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul                                     Stephen Knox, Sr.,

_____          _____
Date                                              Date

Stacy Clark                                    Ricardo Herrera

_____          _____
Date                                              Date

Leonor Herrera                               Michael Gnesin

_____          _____
Date                                              Date

Bridgette Thomas                           Yvonne Thomas

_____          _____
Date                                              Date

Thomas Rosen                                Rupali Patel

_____          _____
Date                                              Date

Juan Castano                                  Esther Castano

_____          _____

Cesar Afuang                                 Terry Rocco

_____          _____
Date                                              Date  11/27/17

Shaundel Hill                                 Stanley McCool

_____          _____
Date                                              Date

Shannon O'Neill                             Laura Timbario

_____          _____
Date                                              Date

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Sharon Eul                                    Stephen Knox, Sr.,

_____                           _____
Date                                          Date

Stacy Clark                                   Ricardo Herrera

_____                           _____
Date                                          Date

Leonor Herrera                                Michael Gnesin

_____                           _____
Date                                          Date

Bridgette Thomas                              Yvonne Thomas

_____                           _____
Date                                          Date

Thomas Rosen                                  Rupali Patel

_____                           _____
Date                                          Date

Juan Castano                                  Esther Castano

_____                           _____

Cesar Afuang                                  Terry Rocco

_____                           _____
Date                                          Date

Shaundel Hill                                 Stanley McCool

*Shaundel Hill*                               *Stanley De McCool*
Date  11-1-17                                 Date  11-01-17

Shannon O'Neill                               Laura Timbario

_____                           _____
Date                                          Date

19

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

| | |
|---|---|
| Sharon Eul | Stephen Knox, Sr., |
| | |
| _____ | _____ |
| Date | Date |
| Stacy Clark | Ricardo Herrera |
| | |
| _____ | _____ |
| Date | Date |
| Leonor Herrera | Michael Gnesin |
| | |
| _____ | _____ |
| Date | Date |
| Bridgette Thomas | Yvonne Thomas |
| | |
| _____ | _____ |
| Date | Date |
| Thomas Rosen | Rupali Patel |
| | |
| _____ | _____ |
| Date | Date |
| Juan Castano | Esther Castano |
| | |
| _____ | _____ |
| Cesar Afuang | Terry Rocco |
| | |
| _____ | _____ |
| Date | Date |
| Shaundel Hill | Stanley McCool |
| | |
| _____ | _____ |
| Date | Date |
| Shannon O'Neill | Laura Timbario |
| *signature* | |
| Date 11/27/17 | _____ |
| | Date |

19

Werner Gruber

Date 11/2/17

Transworld Systems Inc.

By: _____
Its:
Date:

Weltman, Weinberg & Reis Co., L.P.A.

By: _____
Its:
Date:

National Collegiate Master
Student Loan Trust-I

By: _____
Its:
Date:

National Collegiate Student
Loan Trust 2004-1

By: _____
Its:
Date:

National Collegiate Student
Loan Trust 2005-1

By: _____
Its:
Date:

EGS Financial Care Inc.

By: _____
Its:
Date:

Blitt and Gaines, P.C.

By: _____
Its:
Date:

National Collegiate Student Loan Trust 2003-1

By: _____
Its:
Date:

National Collegiate Student Loan Trust 2004-2

By: _____
Its:
Date:

National Collegiate Student Loan Trust 2005-2

By: _____
Its:
Date:

20

Werner Gruber

_____
Date

Transworld Systems Inc.                        EGS Financial Care Inc.

By: _____                    By: _____
Its: Director of Operations                    Its:
Date: 11/21/2017                               Date:

Weltman, Weinberg & Reis Co., L.P.A.           Blitt and Gaines, P.C.

_____                        _____
By:                                            By:
Its:                                           Its:
Date:                                          Date:

National Collegiate Master                     National Collegiate Student Loan Trust 2003-1
Student Loan Trust-I

_____                        _____
By:                                            By:
Its:                                           Its:
Date:                                          Date:

National Collegiate Student                    National Collegiate Student Loan Trust 2004-2
Loan Trust 2004-1

_____                        _____
By:                                            By:
Its:                                           Its:
Date:                                          Date:

National Collegiate Student                    National Collegiate Student Loan Trust 2005-2
Loan Trust 2005-1

_____                        _____
By:                                            By:
Its:                                           Its:
Date:                                          Date:

20

Werner Gruber

_____

Date

Transworld Systems Inc.                    EGS Financial Care Inc.

_____                  _____

By:                                        By:
Its:                                       Its:
Date:                                      Date:

Weltman, Weinberg & Reis Co., L.P.A.       Blitt and Gaines, P.C.

_____                  _____

By:                                        By: _Michael Sterzec_
Its:                                       Its: _Partner_
Date:                                      Date: _11 | 28 | 17_

National Collegiate Master                 National Collegiate Student Loan Trust 2003-1
Student Loan Trust-I

_____                  _____

By:                                        By:
Its:                                       Its:
Date:                                      Date:

National Collegiate Student                National Collegiate Student Loan Trust 2004-2
Loan Trust 2004-1

_____                  _____

By:                                        By:
Its:                                       Its:
Date:                                      Date:

National Collegiate Student                National Collegiate Student Loan Trust 2005-2
Loan Trust 2005-1

_____                  _____

By:                                        By:
Its:                                       Its:
Date:                                      Date:

Werner Gruber

_____
Date

Transworld Systems Inc.                          EGS Financial Care Inc.

_____                  _____
By:                                              By:
Its:                                             Its: Chief Legal Officer
Date:                                            Date: 11/28/2017

Weltman, Weinberg & Reis Co., L.P.A.             Blitt and Gaines, P.C.

_____                  _____
By:                                              By:
Its:                                             Its:
Date:                                            Date:

National Collegiate Master                       National Collegiate Student Loan Trust 2003-1
Student Loan Trust-I

_____ as attorney     _____ as attorney
By: Morgan Marcus                                By: Morgan Marcus
Its: Attorney                                    Its: Attorney
Date: 11/20/17                                    Date: 11/20/17

National Collegiate Student                      National Collegiate Student Loan Trust 2004-2
Loan Trust 2004-1

_____ as attorney     _____ as attorney
By: Morgan Marcus                                By: Morgan Marcus
Its: Attorney                                    Its: Attorney
Date: 11/20/17                                    Date: 11/20/17

National Collegiate Student                      National Collegiate Student Loan Trust 2005-2
Loan Trust 2005-1

_____ as attorney     _____ as attorney
By: Morgan Marcus                                By: Morgan Marcus
Its: Attorney                                    Its: Attorney
Date: 11/20/17                                    Date: 11/20/17

20

National Collegiate Student
Loan Trust 2005-3

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student Loan Trust 2006-1

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student
Loan Trust 2006-2

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student Loan Trust 2006-3

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student
Loan Trust 2006-4

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student Loan Trust 2007-1

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student
Loan Trust 2007-2

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student Loan Trust 2007-3

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

National Collegiate Student
Loan Trust 2007-4

By: Morgan Marus _as attorney_
Its: Attorney
Date: 11/28/17

AS TO FORM ONLY:

/s/ _____ 11/28/17
James K. Schultz
Daniel W. Pisani
Morgan I. Marcus
Sessions Fishman Nathan & Israel, LLC
120 S. LaSalle St., Ste. 1960
Chicago, Illinois 60603-3651
Telephone:     (312) 578-0990
Facsimile:     (312) 578-0991
E-mail:        jschultz@sessions.legal
               dpisani@sessions.legal
               mmarcus@sessions.legal
David Israel
Bryan Shartle
Sessions Fishman Nathan & Israel, LLC
Lakeway Two, Ste. 200
3850 N. Causeway Blvd.
Metairie, LA 70002-7227
Telephone: (504) 828-3700
E-mail:        disrael@sessions.legal
               bshartle@sessions.legal
*Attorneys for Transworld Systems Inc., EGS*
*Financial Care, Inc., Blitt and Gaines, P.C.,*
*National Collegiate Master Student Loan Trust-I,*
*National Collegiate Student Loan Trust 2003-1,*
*National Collegiate Student Loan Trust 2004-1,*
*National Collegiate Student Loan Trust 2004-2,*
*National Collegiate Student Loan Trust 2005-1,*
*National Collegiate Student Loan Trust 2005-2,*
*National Collegiate Student Loan Trust 2005-3,*
*National Collegiate Student Loan Trust 2006-1,*
*National Collegiate Student Loan Trust 2006-2,*
*National Collegiate Student Loan Trust 2006-3,*
*National Collegiate Student Loan Trust 2006-4,*
*National Collegiate Student Loan Trust 2007-1,*
*National Collegiate Student Loan Trust 2007-2,*
*National Collegiate Student Loan Trust 2007-3, and*
*National Collegiate Student Loan Trust 2007-4*

AS TO FORM ONLY:

/s/ _____
David M. Schultz
Todd P. Stelter
Jason L. Santos
Hinshaw & Culbertson, LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601-1081
Telephone: (312) 704-3527
Facsimile:  (312) 704-3001
E-mail:  dschultz@hinshawlaw.com
         tstelter@hinshawlaw.com
         jsantos@hinshawlaw.com
*Attorneys for Transworld Systems Inc. and*
*Weltman, Weinberg & Reis Co., LPA*

AS TO FORM ONLY:

/s/ _____

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St., Ste. 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
E-Mail:          info@edcombs.com
                 efarbstein@edcombs.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON EUL, et al., on behalf of themselves and a putative class, | ) ) ) | |
| Plaintiffs, | ) ) | Honorable Judge Ruben Castillo |
| v. | ) ) | Case No.: 1:15-cv-07755 |
| TRANSWORLD SYSTEMS INC., et al., | ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

**If you have an account in default with a National Collegiate Student Loan Trust entity, you may benefit from this letter.**

*A federal court authorized this notice – This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **FILL OUT AN ONLINE ENROLLMENT FORM BY xx** | By filling out an online enrollment form by **xx** you will remain in the Class and you will be entitled to participate in the Higher Education Loan Program (the "HELP program"). By remaining in the Class, you give up most defenses to a collection lawsuit by a National Collegiate Student Loan Trust including the ability to contest ownership of the debt THIS WILL NOT LIMIT ANY BENEFITS YOU MAY BE ELIGIBLE FOR AS A RESULT OF SETTLEMENTS BETWEEN THE NATIONAL COLLEGIATE STUDENT LOAN TRUSTS AND THE CONSUMER FINANCIAL PROTECTION BUREAU. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class, receive the benefits of class membership and are bound by the terms of the settlement, but you will not be a participant in the HELP program. By remaining in the Class, you give up most defenses to a collection lawsuit by a National Collegiate Student Loan Trust including the ability to contest ownership of the debt. THIS WILL NOT LIMIT ANY BENEFITS YOU MAY BE ELIGIBLE FOR AS A RESULT OF SETTLEMENTS BETWEEN THE NATIONAL COLLEGIATE STUDENT LOAN TRUSTS AND THE CONSUMER FINANCIAL PROTECTION |

For more information, call 312-739-4200.

| | BUREAU. |
|---|---|
| **EXCLUDE YOURSELF BY** <br> **XX** | You will receive no benefits, but you will retain your legal claims and defenses against the Defendants. |
| **OBJECT BY** <br> **XX** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

## 1. Why did I get this notice?

You are receiving this notice because you have an outstanding loan owned by a National Collegiate Student Loan Trust entity which is in default.

## 2. What is this lawsuit about?

This lawsuit claims that Transworld Systems Inc. ("TSI"), Weltman, Weinberg & Reis ("WWR"), Blitt and Gaines ("Blitt"), NCO Financial Systems n/k/a EGS Financial Care, Inc. ("EGS") and various National Collegiate Student Loan Trust entities ("NCSLT") ("Defendants") violated state and federal laws in the process of collecting student loan accounts.  For the purposes of the settlement, NCSLT includes the following trusts: National Collegiate Master Student Loan Trust-I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1. National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Sharon Eul and several others), sue on behalf of a group (or a "Class") of people who have similar claims regarding the same actions of Defendants.

## 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to the Plaintiffs' individual claims and the claims of the Classes.

## 5. How do I know if I am a part of the settlement?

For more information, call 312-739-4200.

2

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All persons that currently have addresses in the State of Illinois according to Defendants' records that owe on a defaulted NCSLT loan and where the date of delinquency or last payment was made less than 10 years prior to the date of this Agreement.

There are approximately <mark>xx</mark> people in the class. According to Defendants' records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

**6. What can I get from the settlement?**

1. TSI will request that the credit bureaus delete the credit report entry of TSI for each member of the Settlement Class, and TSI will use a commercially reasonable effort to ensure that requests are made to any other servicer of the defaulted loans owed to NCSLT for the Plaintiffs and the Settlement Class, including AES, that any credit report entries by them be deleted.

2. Going forward, the maximum interest rate to be applied to your NCSLT loans will not exceed the lesser of the contracted loan rate or 9% per annum.

3. If your date of default or your last payment was more than 5 years, but less than 10 years from [the date of preliminary approval,] no interest charges will be assessed on your loan for 48 months from the date of preliminary approval.

4. If your date of default or your last payment was less than 5 years from [the date of preliminary approval], no interest charges will be assessed on your loan for 24 months from [the date of preliminary approval.]

5. You will have the option to enroll in the HELP program for additional benefits as described below.

**HELP Program:**
Class members may choose to enroll in the Higher Education Loan Program ("HELP"):HELP program:

1. Each HELP class member shall be permitted to begin repayment on each defaulted NCSLT loan by making 9 timely payments over a 10-month period, with the aggregate amount of the required payments to equal 2% of the outstanding balance, provided that each of the payments shall be no less than $25, and shall not exceed $500.

For more information, call 312-739-4200.

1. After 9 payments are made within the 10-month period, the HELP class member shall be able to settle the debt for 62.5% of the outstanding balance. The HELP class member shall then repay the loan over a period of 120 months, with a minimum payment of $50 per month.

2.

3. If a HELP class member has a judgment against them for the underlying loan, the HELP class member shall be permitted to satisfy in full, and settle the debt for 75% of the outstanding balance after 9 payments are made within the 10-month period. The HELP class member shall then repay the loan over a period of 120 months, with a minimum payment of $50 per month.

4. During the repayment period, no interest will be assessed on the loan(s) while the HELP class member is making timely payments, which shall be no later than 15 days after payments are due.

5.

6. If the HELP class member makes a late payment more than 15 days after the payment's due date, the full balance, minus any payments made, will become due and owing and interest will accrue on that amount from a date 16 days after the payment due date.

7. Any co-borrower shall have the right to participate in the HELP program.

8. In the event that a co-borrower shall or fail to make timely payments under the HELP program, the co-borrower, if any, shall receive written notice of the breach of the repayment plan, and will be given the opportunity to make payments to make the account repayment current and remain in the HELP program

**Be advised that any payment on your loan will restart the time within which NCSLT may bring suit to collect your debt.**

## 7. When will I receive these benefits?

You will receive the above benefits when the settlement receives Final Approval from the Court.

## 8. I want to be a part of the settlement. What do I do?

If you do not want to participate in the HELP program – do nothing.

If you would like to participate in the HELP program, fill out the form available at [[link]]. After you fill out the form, you will be contacted by mail by Transworld Systems Inc. to begin the program.

## 9. What am I giving up if I remain in the settlement?

For more information, call 312-739-4200.

4

By remaining in the Class, you give up most defenses to a collection lawsuit by a National Collegiate Student Loan Trust, including the right to contest ownership of the debt. All of the Court's orders will apply to you, and you give Defendants a "release." A release means you cannot sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit. . YOU ARE NOT GIVING UP ANY BENEFITS YOU MAY BE ELIGIBLE FOR AS A RESULT OF SETTLEMENTS BETWEEN THE NATIONAL COLLEGIATE STUDENT LOAN TRUSTS AND THE CONSUMER FINANCIAL PROTECTION BUREAU.

## 10. How much will the Class Representative receive?

The Plaintiffs will receive a payment of $1,500.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(B), which also takes into account their services to the Settlement Class. Defendants have also promised not to file collection suits against the Plaintiffs regarding their NCSLT debts. This payment is subject to the Court's approval.

# EXCLUDING YOURSELF FROM THE CLASS

If you do not want to remain in the Class and receive the benefits of the settlement, and you want to keep your legal claims and defenses against Defendants, then you must take steps to exclude yourself from the Class.

## 11. How do I get out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from the Class in the case of *Eul, et al. v. Transworld Systems Inc., et al.*, Case No. 15-cv-7755. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than xx, 2017** to:

Edelman Combs Latturner & Goodwin
20 S Clark St. Suite 1500
Chicago, Illinois 60603

## 12. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement, but you will have the right to sue Defendants over the claims raised in this case, either on your own or as a part of a different lawsuit. You will also have the right to assert all defenses against any National Collegiate Student Loan Trust if you are sued.

# THE LAWYERS REPRESENTING YOU

For more information, call 312-739-4200.

**13. Do I have a lawyer in this case?**

The Court has named the law firm of EDELMAN, COMBS, LATTURNER & GOODWIN LLC as the lawyers representing the Classes. You will not be charged for these lawyers; however, they will receive a payment from Defendants in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, s/he must file an appearance by **xx, 2017**.

**14. How will the lawyers be paid?**

Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC will petition the Court for approval of reasonable attorneys' fees and costs incurred with respect to the Plaintiff and the Class' claims. Pending the Court's approval, Defendants will pay Class Counsel that amount which the Court deems reasonable, but not more than a total of $290,000.00.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

**15. Is this a fair settlement?**

Class Counsel believes this settlement is fair. Defendants filed a motion to dismiss plaintiffs' claims, which was granted in part and denied in part on March 30, 2017. Class Counsel believes that plaintiffs would be successful on appeal, but acknowledges that there are inherent risks to litigation.

In this case, Defendants have agreed to offer relief to the class by removing credit report entries, limiting interest charges, suspending interest accrual, and offering class members a payment program. Based upon the nature of the claims alleged and the status of litigation, Class Counsel believes this is a fair and reasonable settlement.

**16. What is the Defendants' view of this settlement?**

As stated above, Defendants deny that their actions violated state or federal law, deny liability to Plaintiffs or the proposed Class, and deny any wrongdoing of any kind. Defendants desire to settle the claims of the Class to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to their collection activities that are the subject of this lawsuit.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

**17. How do I tell the Court that I do not like the Settlement?**

If you are a Class member, you can object to the Settlement. In order to object to the Settlement, you must send a written objection (such as a letter or legal brief) stating that you object and the reasons why you think the Court should not approve the Settlement. Your objection must be For more information, call 312-739-4200.

6

signed by you or your attorney and include: (1) your name, address, telephone number, (2) the name and number of the case: *Eul, et al. v. Transworld Systems Inc., et al.*, Case No. 15-cv-7755; (3) the factual basis and legal grounds for your objection to the Settlement. If you have a lawyer, your lawyer who intends to appear at the Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than **xx, 2017** You must mail your objection so that it is postmarked no later than **xx, 2017** to**:**

Clerk of the Court
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

You must also send a copy of your objection to counsel for the Plaintiffs, Emiliya Gumin Farbstein, Edelman Combs Latturner and Goodwin, 20 S Clark St, Chicago, Illinois 60603 and counsel for the Defendants Morgan Marcus, Sessions, Fishman, Nathan & Israel, LLC, 120 S. LaSalle St., Suite 1960, Chicago, IL 60603 and Todd Stelter, Hinshaw & Culbertson LLP, 222 N. LaSalle St., Suite 300, Chicago, IL 60601.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 18. Where and when is the fairness hearing? |
| --- |

The Court will hold a fairness hearing on **xx, 2017 at 9:30 a.m.** in the courtroom of the Honorable Ruben Castillo, United States District Judge, Everett McKinley Dirksen United States Courthouse 219 South Dearborn Avenue, Chicago, Illinois, 60604, Courtroom 2541. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

### GETTING MORE INFORMATION – CONTACT:

Class Counsel, Emiliya Gumin Farbstein, at 20 South Clark Street, Suite 1500, Chicago, IL 60603; Telephone: (312) 739-4200; Facsimile: (312) 419-0379

### DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE

### LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.

They are not permitted to answer your questions.

For more information, call 312-739-4200.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHARON EUL, et al., on behalf of themselves and a putative class, | ) |
| | ) |
| Plaintiffs, | ) Honorable Judge Ruben Castillo |
| | ) |
| v. | ) Case No.: 1:15-cv-07755 |
| | ) |
| TRANSWORLD SYSTEMS INC., et al., | ) Magistrate Judge Maria Valdez |
| | ) |
| Defendants. | ) |

## PRELIMINARY APPROVAL ORDER

The Court, having considered the Plaintiff's motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement and Release (the "Agreement") between Plaintiff Sharon Eul et. al. ("Plaintiffs"), individually, and as representatives of the class of persons defined below (the "Settlement Class"), and Defendants, Transworld Systems Inc.("TSI"), et. al. ("Defendants").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

A.    The Settlement Class is so numerous that joinder of all members is impracticable;

B.    There are questions of law and fact common to the proposed Settlement Class;

C.    The individual claims of Plaintiffs are typical of the claims of the Settlement Class;

D.    Plaintiffs are appropriate and adequate representatives for the Settlement Class;

E.    The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F.    A class action is superior to other methods for fairly and efficiently settling this

controversy;

G.    With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiffs' counsel, EDELMAN, COMBS, LATTURNER & GOODWIN LLC, has, and will fairly and adequately represent the interests of the Settlement Classes;

H.    With respect to the proposed Agreement, after consideration of the Agreement attached as Appendix 1 to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.    and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.    This action shall be maintained as a class action on behalf of the following class:

All persons that currently have addresses in the State of Illinois according to Defendants' records that owe on a defaulted NCSLT loan and where the date of delinquency or last payment was made less than 10 years prior to the date of this Agreement.[1]

2.    The Court:

(a)    appoints Plaintiffs as the Class Representatives;

(b)    appoints EDELMAN, COMBS, LATTURNER & GOODWIN, LLC as Class Counsel; and

---

[1] For purposes of the settlement, NCSLT includes the following entities: National Collegiate Master Student Loan Trust-I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1. National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4, and will be referred to collectively as NCSLT.

(c)     finds that a third party administrator will administer the settlement.

3.     The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of each member of the Settlement Class (collectively, the "Settlement Class Members") as shown in Defendants' business records. A third-party administrator shall cause the Class Notice to be mailed to Settlement Class Members on or before **XX, 2017**. A third-party administrator shall have the notice sent by any form of U.S. Mail providing forwarding addresses.

4.     The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

5.     Settlement Class Members shall have until **XX, 2018**, to opt in to the HELP program, exclude themselves from the Settlement, or object to the Settlement. Any Settlement Class members wishing to exclude themselves from the Settlement Class must mail their exclusion request to the Class Counsel no later than that date.

6.     Settlement Class Members who wish to object to the Settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, and serve copies of the objection on Class Counsel and counsel for the Defendants. All objections must be in writing and personally signed by the Settlement Class Member and include (1) the objector's name, address, and telephone number; (2) the name of the case and the case number; and (3) the factual basis and legal grounds for any objections to the Settlement. Counsel representing an objector must enter an appearance no later than **xx, 2018**.

7.     If not already filed, Defendants shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

8.      A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on **xx, 2018**, at 9:45 a.m.

**IT IS SO ORDERED:**

_____
HONORABLE RUBEN CASTILLO
Chief Judge, United States District Court

Dated:

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON EUL, et al., on behalf of themselves and a putative class, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Honorable Judge Ruben Castillo |
| | ) |
| v. | ) Case No.: 1:15-cv-07755 |
| | ) |
| TRANSWORLD SYSTEMS INC., et al., | ) Magistrate Judge Maria Valdez |
| | ) |
| Defendants. | ) |

## FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement"), between  Plaintiff Sharon Eul et. al. ("Plaintiffs"), individually, and as representatives of the class of persons defined below (the "Settlement Class"), and Defendants, Transworld Systems Inc.("TSI"), et. al. ("Defendants"), the Court orders and finds as follows:

1.     On November 29, 2017, the Court preliminarily approved the Agreement on behalf of Plaintiffs and the Class defined as:

> All persons that currently have addresses in the State of Illinois according to Defendants' records that owe on a defaulted NCSLT loan and where the date of delinquency or last payment was made less than 10 years prior to the date of this Agreement.[1]

---

[1] For purposes of the settlement, NCSLT includes the following entities: National Collegiate Master Student Loan Trust-I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1. National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4, and will be referred to collectively as NCSLT.

1

Edelman, Combs, Latturner & Goodwin, LLC was appointed Class Counsel.

2.     The Court approved the parties' proposed Class Notice and directed it be mailed to the last known address of the class members on or before XX, 2017.  The Court is informed that actual notice was sent by first class mail to XX unique class members.  A total of  XX notices were returned by the Post Office with forwarding addresses, to which those notices were forwarded, and XX notices were returned as "undeliverable." No objections were received.

3.     The Court is informed that XX class members requested to be excluded from the settlement.  The Court hereby excludes the following individuals from the settlement agreement:

4.     On xx, 2018, the Court held a fairness hearing to which class members, including any with objections, were invited.  No additional class members objected or requested exclusion from the settlement.

5.     The Court finds that the provisions for notice to the class satisfy the requirements of the Federal Rules of Civil Procedure 23 and due process.

6.     The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendants.

7.     Upon the Effective Date, as defined in Paragraph 7 of the Agreement, the parties grant the following releases:

(a)     Plaintiffs Sharon Eul, Stephen Knox, Sr., Stacy Clark, Ricardo Herrera, Leonor Herrera, Michael Gnesin, Bridgette Thomas, Yvonne Thomas, Thomas Rosen, Rupali Patel, Juan Castano, Esther Castano, Cesar Afuang, Terry Rocco, Shaundel Hill, Stanley McCool, Shannon O'Neill, Laura Timbario, and Werner Gruber, including each and every one of their respective agents, representatives,

2

attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit (in their capacities as such), and any person claiming through them, along with each member of the Settlement Class who does not opt out of the Settlement Class (collectively "Releasors"), release Defendants and their predecessors, successors, affiliates, assigns, agents, parents, subsidiaries, divisions, departments, insurers, attorneys, and any and all of their past, present, and future officers, directors, employees, stockholders, predecessors, successors, attorneys, subrogees (in their capacity as such) of any of the foregoing (collectively "Released Parties"), of any and all claims of the Settlement Class arising out of, or related to, the collection of the defaulted NCSLT loans, and the claims alleged in the Lawsuit.

(b)     In addition, Plaintiffs and the Settlement Class will agree to, and have waived all defenses to the validity of the underlying defaulted NCSLT loans alleged, or that could have been alleged, by any of the Plaintiffs or Settlement Class in any collection lawsuits, including the ability to contest ownership of the debts, but not released are the school fraud exception, individual payment disputes, accounting issues, forgery or any unique, individual capacity defenses.  Plaintiffs and the Settlement Class expressly reserve the statute of limitations defense in any collection lawsuits; however, the statute of limitations defense for collections lawsuits related to Plaintiff and/or the Settlement Class shall be subject to the 10-year limitations period provided for in 735 ILCS 5/13-206.This release shall not be construed to limit or release any benefit ("Benefits") made available to any member of the settlement class as a result of any consent order entered into between any NCSLT entity and the Consumer Financial Protection Bureau (arising out of *Consumer Financial Protection Bureau v. National Collegiate Student Loan Trust, et al.*, 1:17-cv-01323-GMS (D. De.)) and/or Transworld and the Consumer Financial Protection Bureau (arising out of *In the Matter of Transworld Systems Inc.*, File No. 2017-CFPB-0018, Doc. 1). Any Benefits shall supersede any and all waivers described in this paragraph.

(c)     For purposes of this release, the term Released Parties shall also include the entities identified in footnote 1.

8.     The Court finds the Agreement fair and made in good faith.

9.     The terms of the Agreement are incorporated into this order.

10.     The Court approves Class Counsel's request for approval of an award of attorney's fees and costs of $xx.

11.     The claims of Plaintiffs and the Class are dismissed with prejudice and without costs.

ENTERED: _____

Ruben Castillo

United States District Judge

DATE: _____