IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON EUL, et al., on behalf of themselves and a putative class, | ) ) ) |
| Plaintiffs, | ) Honorable Judge Ruben Castillo ) |
| v. | ) Case No.: 1:15-cv-07755 ) |
| TRANSWORLD SYSTEMS INC., et al., | ) Magistrate Judge Maria Valdez ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO MOTION TO INTERVENE AND TO AMEND MAY 31, 2018 AMENDED FINAL APPROVAL ORDER, *NUNC PRO TUNC***

NOW COMES Defendant Transworld Systems Inc. ("TSI"), EGS Financial Care, Inc., f/k/a NCO Financial Systems, Inc. ("NCO"), Blitt and Gaines, P.C. ("B&G"), Weltman Weinberg & Reis Co., L.P.A. ("WWR"), National Collegiate Student Loan Trust 2003-1 ("NCSLT 2003-1"); National Collegiate Student Loan Trust 2004-1 ("NCSLT 2004-1"); National Collegiate Student Loan Trust 2006-2 ("NCSLT 2006-2"); National Collegiate Student Loan Trust 2006-3 ("NCSLT 2006-3"); National Collegiate Student Loan Trust 2006-4 ("NCSLT 2006-4"); National Collegiate Student Loan Trust 2007-1 ("NCSLT 2007-1"); National Collegiate Student Loan Trust 2007-2 ("NCSLT 2007-2"); National Collegiate Student Loan Trust 2007-3 ("NCSLT 2007-3"); and National Collegiate Student Loan Trust 2007-4 ("NCSLT 2007-4") (collectively referred to herein as the "NCT Entities"), by and through their undersigned counsel, hereby submit the following response to the Motion to Intervene and to Amend May 31, 2018 Amended Final Approval Order, *Nunc Pro Tunc*:

1. On November 28, 2017, the plaintiffs filed an unopposed motion for preliminary approval of class action settlement, and preliminary approval was granted by this Court on January 10, 2018. *See* Dkt. 108, 111.

2. Pursuant to the settlement, the parties stipulated to the certification of a class defined as follows:

> All persons that currently have addresses in the State of Illinois according to Defendants' records that owe on a defaulted NCSLT loan and where the date of delinquency or last payment was made less than 10 years prior to the date of this Agreement.[1]

3. Additionally, pursuant to the settlement, and the preliminary approval order, a third-party administrator was required to send the class notice to the settlement class members using the address as shown in the Defendants' business records. *See* Dkt. 111, p. 3, ¶ 3.

4. On April 23, 2018, Kelly Kratz, a principal at Dahl Administration, LLC, submitted an affidavit confirming that notice was sent in compliance with the settlement agreement and preliminary approval order. *See* Dkt. 120.

5. Pursuant to the parties' limited consent to jurisdiction, a final approval hearing was held on April 25, 2018 before Magistrate Judge Valdez where she heard and considered objections and late opt-out requests.

---

[1] For purposes of the settlement, NCSLT includes the following entities: National Collegiate Master Student Loan Trust-I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1. National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4, and will be referred to collectively as NCSLT.

6. Pursuant to the final approval order entered May 1, 2018, Judge Valdez found the settlement to be fair, reasonable and adequate, and approved the Agreement submitted by the parties, including the release. *See* Dkt. 122, p. 3, ¶ 6.

7. As noted by Judge Valdez, in pertinent part:

> On April 25, 2018, the Court held a fairness hearing to which class members, including any with objections, were invited. Three class members; Yevgenny Strashnov, Sophia Bilikovsky and Oksana Bilikovsky appeared and objected orally to the settlement. All three requested exclusion from the settlement, two within the time for opt-out. Yevgenny Strashnov requested that he and his co-signer, Lev Strashnov be excluded. The court heard and considered these objections and allowed them to be excluded.

Dkt. 122, p. 2, ¶ 4. Notably, the Defendants did not object to the late exclusions.

8. On May 18, 2018, the parties, jointly, submitted a motion for leave to amend the final approval order *nunc pro tunc* to add the name of Kyle Kelley as an opt-out. *See* Dkt. 123. Critically, Kyle Kelley submitted an affidavit confirming that he timely mailed an opt out request. Based specifically upon the affidavit, the Defendants consented and agreed to the opt out request.

9. Pursuant to affidavit, attached hereto as **Exhibit A**, Kelly Kratz confirmed that the notice was sent to Timothy Lytle on January 16, 2018 to 639 West Buckingham Place, Apartment 2, Chicago, IL 60657. The notice was not returned. *Id.* ¶ 4.

10. With regard to Brigette Lytle, the notice was sent on January 16, 2018 to 925 Clarence Avenue, Apartment 2, Oak Park, IL 60304 and the notice was then returned as undelivered with no forwarding address. *Id.* ¶ 5. At that time, Dahl sent a request to Experian to attempt to identify a current address for Ms. Lytle, and that request came

3

back with an address at 804 Marion Street, Oak Park, IL 60302. *Id.* On March 6, 2018, the notice was sent to that address, and it was not returned. *Id.*

11. Here, Timothy Lytle and Brigette Lytle have submitted affidavits asserting that they never received the notices.

12. The affidavit submitted by Timothy Lytle reflects a good address of 639 West Buckingham Place, Apartment 2, Chicago, IL 60657. Dkt. 127-1. That is where the notice was sent by Dahl as evidenced by the Kratz affidavit.

13. The Brigette Lytle affidavit reflects a good address at 519 Grove Lane, 60130, Forest Park, IL. Dkt. 127-2. Again, as evidenced by the Kratz affidavit, the notice was mailed to 804 Marion Street, Oak Park, IL 60302 did not come back and was presumed delivered by Dahl.

14. Timothy Lytle and Brigette Lytle have shown no diligence in submitting this motion to the Court for consideration. Based upon their own documentation, their attorney was put on notice by, at latest, May 21, 2018, that his clients were considered class members in the Eul settlement agreement. Dkt. 127-3. Rather than immediately coming to this Court to seek relief, the Lytles waited until July 11, 2018, nearly two months, to file the motion to intervene. Also, Timothy Lytle's claims are contradicted by Kratz's affidavit which establishes that notice was, in fact, mailed to his current address, and that notice was sent to the available address for Brigette Lytle and never returned.

15. Importantly, the settlement agreement and release reached in this case provides relief to both Timothy Lytle and Brigette Lytle as members of the settlement class.

4

16. The Defendants object to the relief sought here, as they are entitled to finality, as reflected by the terms of the final approval order, and, should the Court grant the relief requested herein, the Defendants, and this Court, will be subject to continued motions potentially for months, or years, to come by individuals seeking to modify the final order. A final approval order is meant to be exactly that – final.

17. Moreover, since the entry of the final approval order, the Defendants have, in good faith, commenced performance of the settlement terms contemplated by the settlement agreement.

18. Here, the Lytles have shown no good faith basis to grant the relief they seek, the claims are contradicted by the affidavit of the class administrator, and, for the reasons stated herein, the Defendants request that this Honorable Court deny the Lytles' Motion to Intervene and to Amend the May 31, 2018 Amended Final Approval Order *Nunc Pro Tunc*.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ *Morgan I. Marcus* | /s/ *Todd P. Stelter* |
| James K. Schultz | David M. Schultz |
| Daniel W. Pisani | Todd P. Stelter |
| Morgan I. Marcus | Jason L. Santos |
| Sessions Fishman Nathan & Israel | Hinshaw & Culbertson, LLP |
| 120 South LaSalle Street, Suite 1960 | 222 North LaSalle Street, Suite 300 |
| Chicago, Illinois 60603-3651 | Chicago, IL 60601-1081 |
| Telephone: (312) 578-0990 | Telephone: (312) 704-3527 |
| Facsimile: (312) 578-0991 | Facsimile: (312) 704-3001 |
| E-mail: jschultz@sessions.legal | E-mail: dschultz@hinshawlaw.com |
| dpisani@sessions.legal | tstelter@hinshawlaw.com |
| mmarcus@sessions.legal | jsantos@hinshawlaw.com |
| *Attorneys for Transworld Systems Inc., EGS Financial Care, Inc., Blitt and Gaines, P.C. National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2006-2,* | *Attorneys for Transworld Systems Inc. and Weltman Weinberg & Reis Co., L.P.A.* |

5

*National Collegiate Student Loan Trust 2006-3,*
*National Collegiate Student Loan Trust 2006-4,*
*National Collegiate Student Loan Trust 2007-1,*
*National Collegiate Student Loan Trust 2007-2,*
*National Collegiate Student Loan Trust 2007-3, and*
*National Collegiate Student Loan Trust 2007-4*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2018 a copy of the foregoing **DEFENDANTS' RESPONSE TO MOTION TO INTERVENE AND TO AMEND MAY 31, 2018 AMENDED FINAL APPROVAL ORDER NUNC PRO TUNC** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Morgan I. Marcus*
One of the Attorneys for Defendants