**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON EUL, *et al.*, on behalf of themselves and a putative class, | ) )  ) |
| Plaintiffs, | ) Honorable Judge Ruben Castillo ) |
| v. | ) Case No.: 1:15-cv-07755 ) |
| TRANSWORLD SYSTEMS INC., et al., | ) Magistrate Judge Maria Valdez ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
TO ENFORCE SETTLEMENT AGREEMENT**

NOW COMES Defendants Transworld Systems Inc. ("TSI"), EGS Financial Care, Inc., f/k/a NCO Financial Systems, Inc. ("NCO"), Blitt and Gaines, P.C. ("B&G"), Weltman Weinberg & Reis Co., L.P.A. ("WWR"), National Collegiate Student Loan Trust 2003-1 ("NCSLT 2003-1"), National Collegiate Student Loan Trust 2004-1 ("NCSLT 2004-1"), National Collegiate Student Loan Trust 2006-2 ("NCSLT 2006-2"), National Collegiate Student Loan Trust 2006-3 ("NCSLT 2006-3"), National Collegiate Student Loan Trust 2006-4 ("NCSLT 2006-4"), National Collegiate Student Loan Trust 2007-1 ("NCSLT 2007-1"), National Collegiate Student Loan Trust 2007-2 ("NCSLT 2007-2"), National Collegiate Student Loan Trust 2007-3 ("NCSLT 2007-3") and National Collegiate Student Loan Trust 2007-4 ("NCSLT 2007-4") (collectively referred to herein as the "NCT Entities"), and hereby submit the following response to the Plaintiffs' Motion to Enforce Settlement Agreement:

1. On November 28, 2017, Plaintiffs filed an unopposed motion for preliminary approval of class action settlement, and preliminary approval was granted by this Court on January 10, 2018. *See* Dkt. 108, 111.

1

2. Pursuant to the final approval order entered May 1, 2018, this Court found the settlement to be fair, reasonable and adequate, and granted final approval of the settlement agreement (the "Agreement") submitted by the parties. *See* Dkt. 122; *see also* Exhibit 1 to Plaintiffs' Motion to Enforce Settlement Agreement.

3. On May 18, 2018, the parties, jointly, submitted a motion for leave to amend the final approval order *nunc pro tunc* to add the name of Kyle Kelley as an opt-out, which was granted by this Court on May 31, 2018. *See* Dkt. 123, 126.

4. The Agreement contemplates relief to Plaintiffs and the settlement class in the form of monetary and prospective relief for their student loans owed to the NCSLT Entities and serviced by TSI.

5. Since entry of the final approval order, Defendants have, in good faith, commenced performance of the settlement terms contemplated by the settlement agreement, as follows:

   A. Pursuant to Paragraph 10(a), TSI has requested that the credit bureaus delete the tradelines furnished by TSI for all Plaintiffs and for each member of the settlement class. Additionally, TSI has made commercially reasonable efforts to request that tradelines furnished by American Education Services (the NCSLT Entities pre-default servicer of loans) be deleted.

   B. Pursuant to Paragraph 10(b), the NCSLT Entities have ensured that the maximum interest rate applied on the underlying defaulted loans will not exceed the lesser of the contracted rate or 9% per annum.

   C. Pursuant to Paragraph 10(d)(ii) and (iii), the NCSLT Entities have suppressed interest charges pursuant to the dates of the delinquency or last payment of the relevant loans.

      D. Pursuant to Paragraph 10(e), payment to each of the class representatives has been made in full in the total amount of $28,500.

      E. Pursuant to Paragraph 10(f), Plaintiffs' counsel has been paid $283,250. Pursuant to the Agreement, the remaining $6,750 is due by or before February 1, 2019, and will be paid by or before that date.

6.    Pursuant to Paragraph 10(c) of the Agreement, the parties agreed that, in addition to the relief described above, Defendants would create a Higher Education Loan Program ("HELP") with certain relief provided to the class members that joined such a program. Pursuant to the Agreement, there is no date by which the program was required to be initiated. Regardless, Defendants have been actively engaged in preparations for the HELP program, which have required a substantial amount of administrative groundwork, instruction, and training, including, but not limited to:

      A. The creation of a series of letters to be sent to the HELP members advising them (i) of their inclusion in the program, and (ii) advising them of their specific payment terms pursuant to the Agreement. The initial letter was approved by Plaintiffs' counsel. Given that the underlying complaint dealt with claims for alleged violations of the Fair Debt Collection Practices Act, and related Illinois state law claims, each of the letters has also had to go through a review for compliance with state and federal law.

      B. The creation of a script for employees of TSI to provide information to the HELP members related to their specific payment arrangements and regarding the HELP program generally when discussing HELP enrollment via telephone.

    C. Training for TSI employees confirming the terms of the Agreement and the relief provided to the HELP members.

    D. Discussions with the letter vendor regarding final details on the form of the letters, the individuals included in the HELP program, and the timing for the letters.

7. The undersigned has endeavored to keep Plaintiffs' counsel well-informed and up to date not only on the developments with regard to the relief to the class generally, but also with regard to the development and initiation of the HELP program.

8. Indeed, the undersigned and Plaintiffs' counsel have resolved a multitude of issues related to individual class members without judicial assistance over the months since the Final Approval Order was entered, including the agreement to include several late members into the program (which delayed implementation of HELP), and clarification on a significant number of HELP program questions. These issues have all been timely responded to and resolved.

9. In December, the undersigned made Plaintiffs' counsel aware that the Defendants were in the final stages of preparations to initiate HELP. It is expected that initial letters will be issued by the letter vendor within the next 2 weeks officially opening the program.

10. The creation, and implementation of HELP is not a standard settlement term in any sense of the word amenable to ready implementation, such as simply making a payment as would be seen in a traditional settlement. Instead, the unique settlement in this case has required Defendants to create a new infrastructure for the processing of applications, enrollment into HELP for student loan borrowers, and programming for calculating revised payment terms while also ensuring compliance with various federal and state laws. The perceived delay of which Plaintiffs complain is not the result of any obfuscation by Defendants, but was necessary to create HELP in an effective and compliant manner. More, the end is in sight as Defendants

anticipate the initial letters will be sent to enrolled class members within the next 2 weeks starting HELP.

11. There has been no prejudice here to any of the HELP members. As reflected above, the tradelines have been requested to be deleted from their credit reports and interest has ceased accruing on their accounts. They were under no prohibition from making voluntary payments during this time period.

12. While Defendants appreciate Plaintiffs desire to activate the HELP program, Defendants have acted diligently to start the HELP program and have complied with all terms of the Agreement.

13. On that basis, Plaintiffs' Motion should be denied as moot or as not yet ripe as there is no basis to order Defendants to comply with the terms of the Agreement where Defendants are currently acting in conformance with the terms of the Agreement. As such, there is also no basis to impose fees or costs for the filing of this Motion.

WHEREFORE, Defendants respectfully request that the Plaintiffs' Motion to Enforce Settlement Agreement be denied as moot or not yet ripe, and for all other and further relief as this Court deems just.

Respectfully submitted,

/s/ *Morgan I. Marcus*
James K. Schultz
Daniel W. Pisani
Morgan I. Marcus
Sessions Fishman Nathan & Israel
141 W. Jackson Blvd., Ste. 3550
Chicago, Illinois 60604
Telephone:   (312) 578-0990
Facsimile:   (312) 578-0991
E-mail:   jschultz@sessions.legal
          dpisani@sessions.legal

Respectfully submitted,

/s/ *Todd P. Stelter*
David M. Schultz
Todd P. Stelter
Jason L. Santos
Hinshaw & Culbertson, LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: (312) 704-3527
Facsimile:   (312) 704-3001
E-mail:   dschultz@hinshawlaw.com
          tstelter@hinshawlaw.com

5

| | |
|---|---|
| mmarcus@sessions.legal | jsantos@hinshawlaw.com |
| *Attorneys for Transworld Systems Inc., EGS Financial Care, Inc., Blitt and Gaines, P.C. National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, and National Collegiate Student Loan Trust 2007-4* | *Attorneys for Transworld Systems Inc. and Weltman Weinberg & Reis Co., L.P.A.* |

## **CERTIFICATE OF SERVICE**

I certify that on January 2, 2019 a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Morgan I. Marcus*
> One of the Attorneys for Defendants